## MYGATT v. MASLEN.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. WILLS (§ 473*)—CONSTRUCTION—PARTIAL INVALIDITY.

 When the several parts of a will are so interdependent that the bad
cannot be separated from the good, the will must fail altogether; but
when it is possible to eliminate the invalid provisions, so as to leave in-
tact the parts that are valid and preserve the testator's general plan, such
a construction will be adopted as will prevent intestacy, either partial or
total, as the case may be.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 972–995; Dec. Dig.
§ 473.*]

2. WILLS (§ 473*)—CONSTRUCTION—PARTIAL INVALIDITY.

 After giving certain shares of his residuary estate to certain of his
children outright, testator left the remaining share in trust for a daugh-
ter, directing the income to be paid to her during her life, the principal, on
her death, to be divided into as many shares as she might leave children,
the share of each child to be held until it came of age, and then be paid
over. The will then provided that in case any child of such daughter, sur-
viving her, should die before attaining the age of 21 years, the share so
held in trust for him or her and all accumulations of income should be
equally apportioned to and among the shares held in trust for his or her
surviving brothers and sisters. Held that, assuming the last clause to be
invalid, it might be deleted without destroying the general scheme for dis-
posing of the residuary estate, or otherwise invalidating the will.

 [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 972–995; Dec. Dig.
§ 473.*]

3. VENDOR AND PURCHASER (§ 128*)—SPECIFIC PERFORMANCE—DOUBTFUL TITLE.

 The court will not compel a purchaser to take a doubtful title.

 [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§
234–237; Dec. Dig. § 128.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Henry R. Mygatt against Richard R. Maslen. Submission of controversy on agreed facts. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

David B. Ogden, for plaintiff.
Harold Swain, for defendant.

SCOTT, J. This is a controversy submitted upon an agreed case, and concerns the marketability of plaintiff's title to a piece of real property. On January 17, 1910, the parties entered into a written agreement in the usual form, whereby the plaintiff agreed to sell and defendant agreed to buy a plot of land on Emerson street, in the borough of Manhattan, city of New York. It is agreed that at the appointed time and place the plaintiff tendered performance, but defendant refused to perform, stating as his reason for so refusing the following objection to plaintiff's title:

"The clause in the second codicil of the last will and testament of William B. Isham, which creates a trust for the benefit of Flora I. Collins, a daughter of the testator, is invalid, as countervening section 42 of the real property law [Consol. Laws, c. 50]. This invalidity affects the entire will, and as the power of sale in the executors, through the exercise of which the present owner acquires title, must be exercised for the purpose of carrying out the provisions of the will, the invalidity of the testamentary disposition likewise renders invalid the power of sale, and the title of the present owner, therefore, is not a good and marketable one."

It is conceded that there are no other objections to the title. William B. Isham, from whose executors the plaintiff derived title, died on March 23, 1909, leaving a last will and testament and two codicils thereto, all of which were duly admitted to probate, and letters testamentary issued to Hamilton Odell and William B. Isham, who qualified as executors, although they duly renounced their appointment by said will as trustees of the trusts created by said will and codicils. By his will William B. Isham, in addition to disposing of his estate, gave to his executors full power and authority to sell and convey any real estate of which he might die seised, except that as to one plot, not involved in this controversy, such sale could be made only with the consent of his widow. The first codicil related merely to a change of executors and trustees. It is under the second codicil that the question in controversy here arises. By that second codicil the testator revoked the fourth clause or paragraph of his will, which related to the disposition of his residuary estate, and made a new disposition thereof. He directed that his said residuary estate should be divided into as many equal shares as he should leave children (except one who was otherwise provided for) living at his decease and children who should then be dead leaving issue. To each of three sons and to one daughter he gave shares outright. The fifth share he left in trust for his daughter Flora, directing that the principal be held for her during her life, and the income paid over to her, and that at her death said principal should be divided into as many shares as she might leave children, the share of each child being held until it came of age and then paid over. Then

follows the sentence upon which the asserted invalidity of plaintiff's title rests. It is as follows:

"In case any child of my said daughter who may survive her shall die before attaining the age of twenty-one years, the share so held in trust for him or her, and all accumulations of income, shall be equally apportioned to and among the shares held in trust for his or her surviving brothers and sisters."

It is not our purpose to consider whether this provision is valid or not. Counsel for both parties have assumed, for the purposes of this controversy, that it is invalid, at least as to the personalty. Manice v. Manice, 43 N. Y. 303. We shall therefore proceed upon the same assumption. The question then is whether or not, assuming the invalidity of this clause, it imparts its invalidity to the whole will, or may it be disregarded? In Manice v. Manice, supra, it was held that the invalidity of a similar provision did not destroy the will. The same rule was applied in the closely analogous case of Tiers v. Tiers, 98 N. Y. 568, and in Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917, the Court of Appeals stated the rule applicable to such cases as follows:

"The rule is now firmly established in this state that, when the several parts of a will are so intermingled or interdependent that the bad cannot be separated from the good, the will must fail altogether; but when it is possible to cut out the invalid provisions, so as to leave intact the parts that are valid and preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total, as the case may be."

This is an appropriate case for the application of this rule, for we entertain no doubt that the supposedly invalid provision may be deleted without destroying the general scheme for the disposition of the residuary estate, or otherwise invalidating the will.

The defendant urges, however, that he should not be required to complete the purchase, because no judgment to be made herein will bind the heirs and representatives of William B. Isham, deceased, who are not parties to this controversy; and we are cited to a number of cases wherein purchasers have been relieved under like circumstances. It is quite true that the court will not compel a purchaser to take a doubtful title, and if the question involved depended upon any disputed matter of fact, or was doubtful as a matter of law, the cases cited by defendant would be apposite, and we should not hesitate to follow them. The facts, however, are not in dispute, and we do not find any doubtful question of law.

There must, therefore, be judgment for the plaintiff, with costs, answering both of the submitted questions in the affirmative, and requiring the defendant to specifically perform the contract attached to and mentioned in the submission. All concur.