ANNIE EPSTEIN, Respondent, *v.* REBECCA WERBELOVSKY, Individually and as Trustee under the Last Will and Testament of JACOB H. WERBELOVSKY, Deceased, and Others, Defendants, Impleaded with ABRAHAM WERBELOVSKY and Others, Individually and as Executors of and Trustees under the Will of JACOB H. WERBELOVSKY, Deceased, and Others, Appellants.

Second Department, October 8, 1920.

**Wills — testamentary** trust for benefit of infants with **option to purchase by other children of testator — when power of alienation not illegally suspended — illegal accumulation of income — when illegal provision may be eliminated from will without avoiding trust.**

A testator left real estate in trust for the benefit of two infant children to be paid with all accumulations of interest thereon when the younger of the two should reach majority, when there was to be an equal division

between them. It was further provided that when the younger of said two children should reach majority the trustees were to convey the premises to other children of the testator or to such of them as might be living, provided that they should pay to the trustees a certain sum in consideration of the conveyance, but that if they should fail to make such payment within ninety days after the younger of said infants should reach his majority, the trustees were to convey the premises to said infants or to the survivor of them without condition or limitation of any kind, share and share alike. It was further provided that should both of said infants die before reaching majority, the trust should at once cease and determine and the property be devised equally to the other children of the testator. The sum which the children who were given an option to purchase might pay to the trustees was to be divided equally between the infant children should the option be exercised.

*Held*, that the devise was not invalid either because of the ninety-day interval for the option to purchase given to the adult children of the testator or because if one of the infants should die before reaching majority there would be no disposition of the corpus.

There was no unlawful suspension of the power of alienation because when the younger of the infants reached majority he could join with the other children who had the option to purchase in giving a deed which would pass an immediate fee in possession, as at that time the grantors would all be of adult age.

Moreover, under such will the trustees have power to convey and the absolute power of alienation is suspended only when there are no persons in being by whom an absolute fee in possession can be conveyed. Thus where there are living persons who have unitedly the entire right of ownership, there is no suspension.

There was no intestacy in case the younger of the infants died before majority, as in that case the whole estate passed to the survivor and at the majority of the survivor the trust terminated.

However, the accumulation of income for one of the infants for six years after attaining her majority is illegal, but is void only as to accumulations beyond her minority, and this incidental illegal accumulation may be eliminated from the will without avoiding the whole trust.

APPEAL by the defendants, Abraham Werbelovsky and others, individually and as executors and trustees, etc., and others, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Kings on the 31st day of October, 1919, upon the decision of the court, rendered after a trial at the Kings County Special Term, in which it was held that excepting directions to pay debts and legacies, the deceased had died intestate.

The will had before been admitted to probate after a contest. (*Epstein* v. *Werbelovsky*, 167 App. Div. 942; 219 N. Y. 658.)   In the present case the court at Special Term had held invalid the trust provisions set out in the 3d paragraph of the will.   Certain Brooklyn real estate was put in trust for the benefit of the younger children, Howard and Tessie, to be paid with all the accumulations of interest thereon when the younger of them shall have reached the age of twenty-one years, when there should be an equal division between them. The will then provided:

" When the younger of my said two children shall have reached the age of twenty-one years, then I direct the Trustees herein named, to convey the said premises No. 76 Graham Avenue and No. 50–52 Moore Street to my three sons Charles Werbelovsky, Abraham Werbelovsky and Benjamin Werbelovsky or to such of them as may be living, provided that my said sons shall pay to such Trustees, as consideration for such conveyance, the sum of Twenty-five thousand ($25,000) Dollars over and above the present mortgage liens .on said premises; and on such payment being made my sons shall become the absolute owners of said premises.   If my said sons shall fail to make such payment within ninety days·after the younger of my said two children Howard Werbelovsky and Tessie Werbelovsky shall have reached the age of twenty-one years, then I direct that my Trustees shall convey the said premises to·said Howard Werbelovsky and Tessie Werbelovsky, or to the survivor of. them, if one be dead, to be their own property absolutely and forever, without conditions or limitations of any kind to be held by them as tenants in common share and share alike.

" Should both my said son Howard and my daughter Tessie die before reaching the age of twenty-one years, then the said trust hereby created shall at once cease and determine, and the said real property, in such case I give devise and bequeath to my sons Abraham Werbelovsky, Charles Werbelovsky and Benjamin Werbelovsky to be equally divided between them, share and share alike, absolutely without conditions or limitations of any kind.

" If my said sons shall exercise the right hereby granted to them, and shall purchase the real property hereinbefore

described for the consideration herein fixed and shall pay to the said Trustees said sum of Twenty-five thousand ($25,000) Dollars, then my said Trustees shall divide said sum between my two children Howard Werbelovsky and Tessie Werbelovsky, equally share and share alike. But if one of my said two children shall be dead, then said entire amount shall go and be payable to the survivor."

The conclusion that this trust was invalid was based upon (1) the ninety days interval for the option to purchase; also (2) from an inference that if Howard died before twenty-one, and Tessie should live, the *corpus* would be left unprovided for. The testamentary dispositions were, therefore, set aside, and a partition sale directed. (Reported 108 Misc. Rep. 214.) The executors and the defendants Sarah, Bessie and Lillian Werbelovsky appealed to this court.

*Willard Bartlett,* for the appellants.

*Louis J. Altkrug,* for the plaintiff, respondent.

*William Lieberman,* guardian *ad litem* [*Louis Marshall* of counsel], for the respondents Tessie and Howard Werbelovsky.

Putnam, J.:

The main purpose of this trust was to secure to these two minors the income of this property. The difficulty arises " when the younger of my said two children shall have reached the age of twenty-one." Then the trustees are to sell the two properties in fee to the three brothers named. The ninety days' option was regarded as constituting the violation of the rule against perpetuities.

During the infancy of Howard, the younger of the two, there is no improper suspension of the power of alienation. The assumed suspension is upon his reaching the age of twenty-one. Then arises this option to purchase at $25,000; failing this, the two younger children (or the survivor) take in fee. Hence, on Howard's reaching twenty-one, he with Tessie (who would be older) could lawfully join with the brothers Charles, Abraham and Benjamin in giving a deed which would effectively pass title in fee to this property. The grantors would be all of adult age. The statute which provides that an infant's real property or his interest in real property shall

not be sold, contrary to the provisions of a will by which it was devised (Code Civ. Proc. § 2357), would not apply after the parties were no longer infants. The trustees have the power to convey. "The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed." (Real Prop. Law, § 42.) Hence, it follows that "Where there are living parties who have unitedly the entire right of ownership, the statute has no application." (*Williams* v. *Montgomery*, 148 N. Y. 519; *Spitzer* v. *Spitzer*, 38 App. Div. 436; *Wells* v. *Squires*, 117 id. 504; 191 N. Y. 529; Chapl. Susp. Alien. [2d ed.] §§ 39–43.)

The suggestion that in case of Howard's death the *corpus* of the estate is not provided for, is met by the provision that on the death of either child the whole passes to the survivor. Howard's death *after* Tessie's majority, therefore, would end the trust. His death *before* Tessie had become of age would leave her, as survivor, to take the whole, and at her majority terminate the trust.

However, an accumulation of income for Tessie for the six years after she should reach twenty-one is illegal. But that is void only as to accumulations beyond her minority (Real Prop. Law, § 61, subd. 3, as amd. by Laws of 1915, chap. 670), so that this incidental accumulation may be eliminated without avoiding the trust.

I, therefore, advise to sustain the trust, and so to reverse and dismiss this partition suit, with costs to appellants in both courts, payable out of the estate.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment reversed, and partition suit dismissed, with costs to appellants in both courts, payable out of the estate.