ANNIE EPSTEIN, Appellant, v. REBECCA WERBELOVSKY, Individually and as Trustee under the Will of JACOB H. WERBELOVSKY, Deceased, et al., Defendants, HOWARD WERBELOVSKY et al., Appellants, and ABRAHAM WERBELOVSKY et al., Individually and as Executors of JACOB H. WERBELOVSKY, Deceased, et al., Respondents.

*Real property — partition — will — construction of trust provision — when not violative of statute against perpetuities.*

*Epstein* v. *Werbelovsky*, 193 App. Div. 428, affirmed.

(Argued February 2, 1922; decided February 28, 1922.)

APPEAL from a judgment, entered November 18, 1920, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directed a dismissal of the complaint. The action was to partition real property of which Jacob H. Werbelovsky died seized and necessitated a construction of his will by a provision of which the real estate in question was left in trust for his two younger children but directed that when the younger of said children should reach the age of twenty-one, his three elder sons should have a ninety days' option to purchase property at a price stated and if they failed to exercise it the property should go to the younger children or the survivor if one be dead. He further provided that should both of his younger children die before reaching the age of twenty-one the trust should cease and determine. It was contended that the ninety days' option constituted a violation of the rule against perpetuities and that if one child died before reaching the age of twenty-one and the other survive the corpus would be left undevised.

*Louis J. Altkrug* for plaintiff, appellant.

*Louis Marshall* and *William Lieberman* for defendants, appellants.

*Willard Bartlett* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.