In the Matter of the Construction of the Last Will and Testament of SYBILLA M. SEIF, Deceased.

JOHN KURSTEINER, Appellant; LAURENCE B. HALLERAN, Individually and as Executor, etc., of SYBILLA M. SEIF, and Others, Respondents.

Second Department, April 17, 1925.

Wills — construction — holographic will — bequest in one clause of all household goods to named person, " Also my property at 5013 Pacific Ave., Wildwood, N. J., and sole executrix of the same "— said quoted part of clause devised real estate specified — devise of real property to be held in trust to pay two legacies of $1,000 each at rate of $200 per year on each legacy — said devise passed fee simple to devisees subject to charge of legacies — said devise does not offend Real Property Law, § 42, relating to perpetuities — even if bequest of specified legacies to be paid from income created perpetuity, fee of real estate vested in named devisees — devise of residue to " Annie T. Burns & Laurence Basil Halleran as sole executor," etc., held to be devise to both and appointment of last named person as executor.

A clause in a holographic will which reads as follows: " I give and bequeath * * *, All my house hold furniture, china and cloths to Annie T. Burns of 57 Main St., Flushing, N. Y. Also my property at 5013 Pacific Ave., Wildwood, N. J., and sole executrix of the same," construed as to the last part of the clause to be a devise of the real property situate at 5013 Pacific avenue., Wildwood, N. J., and the personal property therein.

A devise and bequest of " Property known as 55 & 57 Main St., Flushing, N. Y., unto Anna Burns and Laurence Basil Halleran both of Flushing, N. Y. to be held in trust for 5 years or more until all bequests are made and any time after the Property sold or kept and both to share equally," which further provides that Laurence Basil Halleran, as sole executor, shall have full power and control to make repairs and receive rents, and out of the net profits therefrom he shall pay unto Isabel Carson the gross sum of $1,000, payable at the rate of $200 a year in equal quarterly yearly payments. Also the sum of $1,000 to the Flushing Hospital of Flushing, N. Y., all said bequests to be free of all taxes to the respective legatees, and should the net profits not amount to the

said gross totals the trust shall continue until said entire totals are paid, construed to devise a fee simple absolute to the named devisees subject to a charge of the two specific legacies of $1,000 each.

Said devise does not offend section 42 of the Real Property Law, relating to the creation of perpetuities, and if it did violate that section, nevertheless the devisees would take the fee, for the rule is that a vested gift, otherwise valid, will not fail merely because it is limited to take effect at the expiration of a trust, which is void because it violates section 42 of the Real Property Law.

Even though it were held that the devise under the last-mentioned clause of the will was invalid and passed no interest to the devisees, still the devisees named therein would take under the residuary clause of the will, share and share alike, since that clause devises the residuary estate to " Annie T. Burns & Laurence Basil Halleran as sole executor," etc., which provision is construed to mean that the two named devisees take the property equally and that the last-named devisee was appointed by the testator to act as executor.

APPEAL by John Kursteiner from a decree of the Surrogate's Court of the county of Queens, entered in the office of the clerk of said county on the 3d day of June, 1924, in so far as it construes clauses 4, 5 and 6 of the last will and testament of Sybilla M. Seif, deceased.

*Hamilton McInnes* [*Howard O. Wood* with him on the brief], for the appellant.

*Clinton T. Roe* [*J. Joseph Lilly* and *Claude W. Carlstrom* with him on the brief], for the respondents.

MANNING, J.:

The testatrix, Sybilla M. Seif, died a resident of Queens county on or about May 19, 1923, leaving a holographic will, executed May 22, 1922, which was duly admitted to probate and a decree entered thereon. Subsequently on January 24, 1924, a petition was filed by the appellant John Kursteiner, a cousin and the divorced husband of the testatrix, and sole next of kin, for a judicial construction of the will in certain respects, and proceedings were had thereunder, resulting in the decision and decree appealed from, construing clauses 4, 5 and 6 of the will.

The will was written by the testatrix herself, and it is apparent from a reading thereof that she used expressions with the legal meaning of which she was unfamiliar. It reads as follows:

" 1. I, Sybilla M. Seif divorced wife of John Kursteiner, of Flushing, N. Y., hereby make publish and declare this as and for my last Will and Testament, hereby revoking all earlier Wills by me heretofore made.

" 2. I direct that my body shall be buried according to the rites of the Protestant Church in my family lot in the Flushing Cemetery, Flushing, N. Y.

" And all my just debts and funeral expenses out of my estate

as soon as conveniently may be after my decease, by my Executor hereinafter named.

" 3. I give and bequeath my antique rug unto Laurence Baisil Halleran of Flushing, N. Y., absolute free of all taxes.

· " 4. All my house hold furniture, china and cloths to Annie T. Burns of 57 Main St., Flushing, N. Y.

" Also my property at 5013 Pacific Ave., Wildwood, N. J., and sole executrix of the same.

" 5. I give devise and bequest my Property known as 55 & 57 Main St., Flushing, N. Y., unto Anna Burns and Laurence Basil Halleran both of Flushing, N. Y. to be held in trust for 5 years or more until all bequests are made and any time after the Property sold or kept and both to share equally.   During which time Laurence B. Halleran as my executor he shall have full power and control thereof, to make necessary repairs collect & receive all rents issues & profits there from, and make and deliver all leases and other papers and instruments relating to the care and use thereof, and out of the net profits therefrom he shall pay unto Isabel Carson now living at 1621 Butler St., Phila., Pa., the gross sum of One thousand ($1,000) payable at the rate of Two hundred dollars a year in equal quarterly yearly payments.   Also the sum One thousand Dollars to the Flushing Hospital of Flushing, N. Y., in equal yearly payments, all said bequests to be free of all taxes to the respective legatees.   Should the net profits not amount to the said gross totals the trust shall continue until said entire totals are paid.

" 6. All the rest residue and remainder of my estate of every nature and character and whereever situate I give devise and bequeath unto Annie T. Burns & Laurence Basil Halleran as sole executor and Trustee of this my last Will for all purposes hereunto without any need or necessity for him to enter any security whatever any where in either capacity and with full power and authority to make execute and deliver any and all deeds & instruments for the sale or other disposition or encumbrances of any of my real estate without any Liability on his part, to see to the application or non-application of any purchase money.

" 7. In witness whereof, I have hereunto set my hand and affixed seal this the Day 22 of May, 1922.

" SYBILLA M. SEIF.      [SEAL]

" Signed sealed and published and declared by the above named testatrix as and for her last Will and Testament in the presence of us who at her request in her presence and in the presence of each other have hereunto subscribed our names as witnesses and further we do certify that we did hear the Testatrix above named, sign, seal, & publish this her last Will and that when doing so

she was of sound disposing mind, manner and understanding to the best of knowledge and belief, and we each subscribe our own proper signatures hereto.

" WILLIAM BURNS, 57 Main St., Flushing, N. Y.

" MARY BURNS, 57 Main St., Flushing, N. Y.

" ANNIE T. BURNS, 57 Main St., Flushing, N. Y."

The surrogate, without opinion, made the following decision:

" 1. By clause 4 of the last will and testament of Sybilla M. Seif, all her household furniture, china and clothes wheresoever situated were given to Annie T. Burns, also her property at 5013 Pacific avenue, Wildwood, New Jersey.

" 2. By clause 5 of the will, Miss Burns and Mr. Halleran are vested with an estate in fee simple in the property known as 55 and 57 Main street, Flushing, subject to a charge thereon of $2,000 payable in annual installments of $200 each to Mrs. Carson and The Flushing Hospital, with liberty to Mr. Halleran as executor and trustee to defer such payments if the income from said property is insufficient to meet the annual payments required.

" 3. By clause 6 of the will all of the residuary estate of the testatrix is given to Miss Burns and Mr. Halleran and Mr. Halleran is appointed sole executor and trustee."

In the decree entered, the surrogate construed clause 4 as a bequest by the testatrix of all her household furniture, china and clothes wheresoever situate, to the respondent Annie T. Burns; and that by said clause the testatrix devised and bequeathed all her property, real and personal, situate at 5013 Pacific avenue, Wildwood, N. J., to the respondent Annie T. Burns; and that by clause 5 the testatrix devised to and vested in the respondent Annie T. Burns and the respondent Laurence B. Halleran an estate in fee simple in the real property known as 55 and 57 Main street, Flushing, N. Y., subject to two charges thereon, each in the amount of $1,000, each payable in annual installments of $200, with liberty to Laurence B. Halleran as executor and trustee to defer such annual payments if the income should be insufficient to meet the annual payments; and the decree also provided that by clause 6 the testatrix gave, devised and bequeathed all her residuary estate to the respondents Annie T. Burns and Laurence B. Halleran, in equal shares; and appointed the respondent Halleran sole executor and trustee.

On the hearing, at the request of the surrogate, certain facts were stipulated which appellant maintains in a preliminary point are immaterial and throw no light on the interpretation of the

will; and he further maintains that the decision fails to show on what basis it was made, and he has no conception upon what theory it can be justified in law; as the result is in complete disregard of the terms of the will; and he maintains that from the will itself the intention of the testatrix must be discovered, and that because of errors, mistakes, incongruities, or whatever they may be called, which permeate the will, it is necessary to give it the most careful scrutiny to obtain the true interpretation; and that the will must stand or fall, entirely or in part, as drawn.

I find no fault with this statement, but still am of the opinion that the decision of the surrogate can be sustained from a consideration of the will itself.

The appellant claims that under the 4th clause the real estate known as Wildwood, N. J., is undevised and forms part of the residuary estate, as the testatrix did not refer to her real estate, and it is evident that she knew the difference between the testamentary disposition of real and personal property, as she knew when to use the words " give and bequeath " when referring to personal property as in clause 3, and the word " devise " when she comes to the disposition of real estate, as used in clause 6. He also claims the trust created by the 5th clause of the will was bad, as violative of the rule against perpetuities, in that the trust was not measured by two lives in being but by the definite period of five years or more; and that the trust being void, the whole 5th clause falls and the property falls into the residuary clause; that there are only three possible constructions that may be given to the devise after the termination of the trust: (1) There is no remainder interest, and the gift to Halleran and Burns is only in a trust or representative capacity; (2) there is a contingent remainder created in Burns and Halleran; and (3) there is a vested remainder in Burns and Halleran; and he says that whatever construction the court may place upon the trust estate, the whole clause is void. He also says there is no remainder interest created in the 5th clause. The gift is in trust, and the trust being void, the Main street property becomes part of the residuary estate; that if the remainder created in the 5th clause is contingent, the Main street property becomes part of the residuary estate (a) because of statute, in that the remainder is contingent because the event on which it is limited remains uncertain; and (b) because of precedent, the gift is to trustees, and after the termination of the prior estate, and not before, to divide; that after the trust ends and not before are Burns and Halleran " to share equally," and that in order to make the remainders vested it would be necessary to completely disregard the express directions of the testatrix that Burns and Halleran

were to share equally after the bequests are made; that assuming the remainder is vested, its provisions are so intermingled and dependent upon the invalid trust that the whole 5th clause of the will is bad and no part of it can be given effect; and the 5th clause being void, the Main street property becomes part of the residuary estate and one-half thereof goes to Annie T. Burns and one-half to his client Kursteiner as heir at law of the testatrix. Summing up his claims, he says the decision of the surrogate should be reversed and the will construed as follows:

1. The real estate at Wildwood, N. J., is undevised by clause 4 of the will, and becomes part of decedent's residuary estate.

2. The trust created by clause 5 of the will is void, and there being no valid gift of the remainder interest, the Main street property becomes part of the residuary estate.

3. One-half of said residuary estate passes to Annie T. Burns and the other half goes to Kursteiner as the heir at law of decedent.

The only possible way by which the appellant can come in to enjoy the benefit of the testatrix's property, is through his taking under the residuary clause of the will a one-half interest on the theory that the clauses referred to are void and that part of the estate is, therefore, undisposed of by the will, and he, being heir at law of decedent, would be entitled to take, or by the will being set aside and testatrix deemed to have died intestate.

The surrogate by his decision held that by clause 4 the real estate at Wildwood, N. J., passed to Annie T. Burns, as well as the personal property; and that by clause 5, Miss Burns and Mr. Halleran became vested in an estate in fee simple in the real estate 55 and 57 Main street, subject to two charges of $1,000 each, payable in annual installments of $200 each, which might be deferred if necessary because the income was insufficient.

The respondents maintain that the most important fact to consider in the construing of the will is that the instrument was holographic, and was evidently written without the assistance of counsel, and that terms and expressions were employed with which testatrix was not in daily contact; they further maintain that the will being formulated by the testatrix herself, the language used must be measured from the standpoint of a layman, and a failure to use appropriate technical language will not defeat an intention clearly manifested; that it is the duty of the court to uphold it rather than render it void; that it must be presumed that the testatrix intended to make a legal disposition of her property, and that it is the duty of the court to give the language used such construction as will make it valid, if it can be done in harmony with settled rules. And respondents say that by clause 4, in the first part thereof, the

testatrix bequeathed all her personal property to Miss Burns. I find no argument of appellant against this construction being placed upon the first part of paragraph 4. And the respondents maintain that the balance of said paragraph: "Also my property at 5013 Pacific Ave., Wildwood, N. J., and sole executrix of the same,'" following the first part of said clause, devised and bequeathed to Annie T. Burns the real property at 5013 Pacific avenue, Wildwood, N. J. I am inclined to agree with this contention. Two complete thoughts are expressed by the testatrix in the two paragraphs of this clause, the first that of giving *all* intimate personal property wherever located to Miss Burns; and the second giving her the real property at Wildwood. The term " property " includes real and personal property. (Gen. Constr. Law, § 38.) "A devise to one of all the testator's estate, or to one of all the property of the testator, (the testator owning the fee,) casts the fee; for these expressions include his whole interest." (*Fox* v. *Phelps,* 20 Wend. 437, 445; *Jackson* v. *Housel,* 17 Johns. 281, 283.) The real property described as property " at 5013 Pacific Ave., Wildwood, N. J.," was as much at that place as was any personal property there located of which testatrix died possessed. The term " heirs " or other words of inheritance are not necessary to convey a fee (Real Prop. Law, § 240, subd. 1); and "A grant or devise of real property passes all the estate or interest of the grantor or testator unless the intent to pass a less estate or interest appears by the express terms of such grant or devise or by necessary implication therefrom." (Real Prop. Law, § 245. See, also, Decedent Estate Law, § 14.) The intention of testatrix was to pass the fee when she said " property at 5013 Pacific Ave., Wildwood, N. J." to her real estate, as well as her personal estate. The care of the testatrix to give " my antique rug " to Laurence B. ' Halleran, and all her household furniture, china and clothes to Miss Burns, indicates that the gift to Miss Burns of the " property " at 5013 Pacific avenue, Wildwood, N. J., was intended to refer to her real estate, since a contrary construction would place the testatrix in the position of having in a single clause twice bequeathed her household furniture, china and clothes; and if the testatrix had intended only to give the personal property contained at the house in Wildwood, N. J., she would not have appointed Miss Burns " sole executrix of the same," in the face of her subsequent references to Mr. Halleran as her " executor " (Clause 5) and " sole executor " (Clause 6). In the use of the word " property " at " 5013 Pacific Ave.," she used the most inclusive word possible. (Gen. Constr. Law, § 38; *Matter of Churchfield,* 99 Misc. 682.) The real estate in my opinion, hence, did not pass into the residuary clause.

The most important point urged by appellant is that a trust was created by the 5th clause of the will which was bad as violative of the Statute of Perpetuities, in that the attempted trust suspended the power of alienation for a term not measured by two lives in being, and that the property 55 to 57 Main street, Flushing, N. Y., became part of the residuary estate. The respondents claim and the surrogate decided that testatrix devised to and vested in Annie T. Burns and Laurence B. Halleran an estate in fee simple in this real property. I think this was a correct construction of the language used in this inartificial will prepared by the testatrix herself, and that the intent was to vest a fee in the real estate in an undivided one-half in each of the beneficiaries Annie T. Burns and Laurence B. Halleran. Nor do I think a trust was created, nor a future estate created by way of remainder contingent or vested; and the property or real estate was not given to them in a representative capacity, as claimed by the appellant. The testatrix referred to Mr. Halleran in clause 6 " as sole executor and trustee," which would indicate that the estate which she bestowed upon Miss Burns in clause 5 was an undivided one-half of the fee. The New York rule against perpetuities is stated in section 42 of the Real Property Law, as follows: " The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate." And section 37 of the Real Property Law defines a future estate as follows: "A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time." By clause 5 the testatrix gave and devised the property to Miss Burns and Mr. Halleran " both to share equally," and in the same clause directed that " for 5 years or more until all bequests are made " the said property be held in trust; and by the next sentence of the will Mr. Halleran " as my executor " was given the exclusive control, care and power over the property for the said period, which was to terminate under the will as soon as Isabel Carson and the Flushing Hospital had each been paid $1,000. At any time before the payment of these legacies a deed executed by Mr. Halleran, Miss Burns, Mrs. Carson and the Flushing Hospital would be sufficient to convey the fee, " an absolute fee in possession." (Real Prop. Law, § 42.) In the case of *Epstein* v. *Werbelovsky* (193 App. Div. 428; affd., without

opinion, 233 N. Y. 525) our department said (at p. 432): " ' The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed.' (Real Prop. Law, § 42.) Hence, it follows that ' Where there are living parties who have unitedly the entire right of ownership, the statute has no application.' " (Citing cases.) At the time the will was written the above-named persons were the only ones who had the slightest interest of any kind in the Flushing property disposed of by clause 5 of the will. It was said in *Matter of McQueen* (99 Misc. 185, 194), " where the will is silent as to the period of vesting the gift is vested immediately on the will coming into operation, whenever it appears that the enjoyment of the legatee, is postponed merely for the convenience of the estate or to let in an intervening interest." As I view the situation, Miss Burns and Mr. Halleran upon the death of testatrix became immediately seized of a vested estate in fee in the real property. The will does not attempt to postpone the time when Miss Burns and Mr. Halleran become the owners, but only charges the legacies to Mrs. Carson and the Flushing Hospital upon the fee, and merely postpones or defers the right of Mrs. Carson and the Flushing Hospital to demand payment of their legacies until " the net profits therefrom " realized under the management of Mr. Halleran shall have been sufficient to pay both legacies in annual installments of $200 each. They became vested immediately in the ownership of the $1,000 each upon the death of testatrix, but there was a deferring of the payment of the legacies which was theirs until a certain time, or sooner if it was paid. In *Quade v. Bertsch* (65 App. Div. 600, 607; affd., 173 N. Y. 615) it was said, " the deferring of payment, through the creation of a power in trust meanwhile, is not a suspension of the absolute ownership of property." Under the will as I view it, the only thing deferred was the time of the payment of the legacies, not the vesting of them. Nothing else was suspended, and at the death of testatrix Miss Burns and Mr. Halleran became vested of the fee of the premises 55–57 Main street, Flushing, " both to share equally," subject to two vested legacies in favor of Mrs. Carson and the hospital, the payments of which were deferred. The surrogate so decided, and I think he was right, and adhered to the intention of the testatrix as evidenced in the will and in so doing his construction was in accordance with the provisions of the statutes and decisions. Even if it should be held that the bequests to Mrs. Carson and the Flushing Hospital created perpetuities, I am of the opinion that in that event the respondents Miss Burns and Mr. Halleran became seized of the estate created in the 5th clause of the will in fee simple. The cardinal purpose of testatrix

was that Miss Burns and Mr. Halleran were to have an estate of inheritance, not defeasible in any event or for any reason, and not conditioned upon anything whatever. True, their estate which she gave them was to have charged against the profits the legacies, but these legacies, while they may be a burden to the fee, did not suspend the vesting of the fee in them, any more than if the testatrix had directed them to execute mortgages payable only out of the profits of the land. It has been held that " a vested gift, otherwise valid, will not fail merely because it is limited to take effect at the expiration of a trust which is void under the Statute of Perpetuities." (*Matter of Berry*, 154 App. Div. 509, 511; *Brinkerhoff* v. *Seabury*, 137 id. 916.) And even if the gifts to Mrs. Carson and the Flushing Hospital be held invalid as suspending the power of alienation, then by the operation of the principle just quoted Miss Burns and Mr. Halleran would still become possessed of an estate in fee, because it would not be permitted to fail by reason of unlawful interests being created. It would simply hasten their right to the unincumbered enjoyment of the property, but would not destroy the fee in which they were " both to share equally." If this were not so, the " both to share equally " in the gift, devise and bequest of " my Property known as 55 & 57 Main St.," etc., would be meaningless. As I view the situation, the estate given to Miss Burns and Mr. Halleran was not to commence in enjoyment subsequent to the payment of the legacies to Mrs. Carson and the hospital, but commenced immediately. The mere fact that the legacies were payable out of the profits realized through the management of Halleran did not create in Mrs. Carson or the Flushing Hospital estates precedent to Miss Burns and Mr. Halleran. And even if it could be said that there was a perpetuity created by the legacies to Mrs. Carson and the hospital, with which contention I do not agree, it would not help the appellant, since I think the invalid part could be elided or expunged to enable the testatrix's main purpose or general testamentary scheme to be carried out, which the authorities generally hold shall be done if it can be done without making a new will. (*Smith* v. *Chesebrough*, 176 N. Y. 317, 322; *Kalish* v. *Kalish*, 166 id. 368, 375; *Mygatt* v. *Maslen*, 141 App. Div. 468; *Tiers* v. *Tiers*, 98 N. Y. 568, 573.) And the only effect would be the elimination of the legacies to Mrs. Carson and the hospital, and appellant could not profit thereby. Further, it is quite clear that it was only intended by the testatrix that the fee was to be subjected to two charges or legacies of $1,000 each. Miss Burns was not made a trustee, since the words " to be held in trust for 5 years or more," etc., plainly referred to the next sentence to the power given to Mr. Halleran " as my executor,"

and *not* to any trust estate vested in Miss Burns. The obligations imposed in this sentence upon Mr. Halleran were imposed upon him as " my executor." The only thing which it was possible for Miss Burns and Mr. Halleran " both to share equally " was the fee of the Flushing realty. No fiduciary duties were imposed upon Miss Burns, but this was expressly negatived by the wording of the will that any fiduciary relationship was to be assumed by anybody but Mr. Halleran, and it is difficult to understand in what they were to share equally except the gift, devise and bequest of the Main street property. No express trust was created. (*Hodgman* v. *Cobb*, 202 App. Div. 259.) In clause 5 of the will there is no attempt to pass title either to Mr. Halleran or Miss Burns as trustee, or both of them as trustees, as neither or both are so referred to, and it could not have been the intention of testatrix that they were both " to share equally " in the discharge of powers, duties and functions not given as trustee but given solely to Mr. Halleran " as my executor." As I view the clause, the estate was not limited " to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time." (Real Prop. Law, § 37.) It was, therefore, not a future estate dependent upon a precedent estate or a remainder contingent or limited upon the legacies to Mrs. Carson or the hospital. (Real Prop. Law, §§ 38, 40.) The estate was one in fee, and they held as tenants in common. (Real Prop. Law, §§ 31, 66.) What the testatrix had in mind and by the language used in the will did, was to charge these legacies against the real property, but she did not postpone the fee which she therein gave in equal shares to Miss Burns and Mr. Halleran. The estate to them took effect immediately upon the death of testatrix, but the fee was subject to a general power in trust (Real Prop. Law, §§ 134, 137), burdened by the lien of the legatees, but the fee did not depend for its existence or validity upon the legacies. Mr. Halleran was not authorized by clause 5 of the will to change in any manner the title or right of the enjoyment of the Main street property in which both were " to share equally," except to the extent specified " as my executor," nor could Miss Burns by any action affect in any way the title and right given to him " as my executor." What the testator evidently intended was to defer the payments of the legacies as a convenience to the persons to whom she was giving the fee, to save them from the necessity of selling or mortgaging the property for the purpose of paying the legacies, but that " out of the net profits therefrom " Mr. Halleran, as executor, might pay the same if he realized enough therefrom in quarterly payments of not exceeding $200 a year.

I think this intent is apparent from an inspection of the will and the language used, and this intent does not offend any rule of law, in my opinion. (See *Robinson* v. *Martin*, 200 N. Y. 159; *Matter of Briggs*, 180 App. Div. 752; *Matter of Miner*, 146 N. Y. 121; *Snyder* v. *Snyder*, 182 App. Div. 65.) In the case of *Warner* v. *Durant* (76 N. Y. 133, 136) it is said: " It is a general principle, that where the gift is absolute, and the time of payment only, postponed; time, not being of the substance of the gift, but relating only to the payment, does not suspend the gift, but merely defers the payment." As I view the gifts to Mrs. Carson and the hospital, there is nothing indefinite about them. The gifts, $1,000 to each, are absolute, but the time of their payment is deferred for the convenience of the beneficiaries who take the fee of the property, Halleran and Burns. Receipts in full from Mrs. Carson and the hospital at any time after the death of testatrix would clear the property of the legacies or charge against the fee despite the fact that Halleran " as my executor " was only obliged to pay the legacies out of the net profits and might protract the payments as his judgment as executor dictated, provided the annual payments were equal, " until all bequests are made," meaning " until all bequests are paid," to which time his powers as executor were limited. Miss Burns and Mr. Halleran were not to share equally in the ownership of the Main street property *after* the bequests are paid, as appellant contends, but took immediately subject to the charges in favor of the legacies.

Appellant maintains that " the Fifth Clause being void the Main Street property becomes part of the residuary estate and one-half thereof goes to Annie T. Burns and one-half to Kursteiner as heir at law of the testatrix; " and appellant says this is so whether the gift is to Burns and Halleran in trust under the 5th clause, whether there is a contingent remainder created or a vested remainder; and that in any of these three events the Main street property as well as the Wildwood real estate becomes part of the residuary estate.

Since no trust was created by the 5th clause of the will of any kind by way of remainder contingent or vested, but an estate in fee, and possession was given to Miss Burns and Mr. Halleran by the 5th clause of the will, the Main street property did not go into the residuary estate, but became their property by virtue of the language giving it to them absolutely in equal shares by clause 5. And Miss Burns by virtue of the devise to her of all " my property at 5013 Pacific Ave., Wildwood, N. J." under the 4th clause of the will, took an estate in fee in this property by virtue of that clause, and, hence, it did not become a part of the

residuary estate. But even if this property did become a part of the residuary estate by reason of it being undisposed of by the former provisions, appellant could not succeed in his contention that under the residuary clause he would become entitled to one-half of the residuum. The residuary clause reads: " All the rest residue and remainder of my estate of every nature and character and wherever situate I give devise and bequeath unto Annie T. Burns & Laurence Basil Halleran as sole executor and Trustee of this my last Will for all purposes hereunto * * *." The presumption is that the testatrix intended to dispose of her entire estate and not die intestate as to any part thereof. (*Adams* v. *Massey*, 184 N. Y. 62; *Matter of Schriever*, 221 id. 268; *Matter of Tamargo*, 220 id. 225; *Meeks* v. *Meeks*, 161 id. 66; *Matter of Miner*, 146 id. 121.) In dealing with ambiguous language the court should lean in favor of a broad rather than a narrow construction in order to prevent intestacy, if it is possible to do so. It is reasonable to suppose that testatrix did not contemplate dying intestate (*Matter of Miner, supra*) as to one-half of the residuum while giving one-half to Annie T. Burns. She intended to dispose of the *whole* of her residuary estate, if any, doubtless considering that the Main street and Wildwood property would form no part thereof, of which as construed heretofore it did not form a part; and in arriving at her intention, she either intended that Miss Burns should get the whole of the residuum (Mr. Halleran to be appointed as executor), or that it should go to Miss Burns and Mr. Halleran in equal shares. The surrogate in construing this residuary clause held: " 4. By clause ' 6 ' of the said Last Will and Testament, the said testatrix gave, devised and bequeathed all of her residuary estate to the respondent, Annie T. Burns, and the respondent, Laurence B. Halleran, in equal shares." She left neither ancestors nor descendants in the direct line, but did leave the appellant, a cousin and also her husband from whom she had been divorced for twenty years prior to the date of the will. The fact that in the 1st clause of her will testatrix described herself by her maiden name as " divorced wife of John Kursteiner " and the fact of her not mentioning him again in any part of her will, would negative the idea that it was her intention to make him the object of her bounty. Miss Burns and Mr. Halleran were obviously the persons she had in mind, the one her intimate friend, and the other her business adviser, who had materially increased her estate. She evidently did not intend that one-half of the residue should go by intestacy, when she was making a clause providing where the residue should go. She either intended to give the whole of the residue to Miss Burns or that it should be divided between her and Mr. Halleran

equally, and in neither construction could the appellant profit. In order to ascertain the intention of testatrix, in the interpretation of the language used, it is within the power of the court to transpose a phrase, supply an omission or correct a defect, and the only limitation seems to be that a testamentary disposition " which is neither expressed nor necessary to be implied " (*Matter of Tamargo, supra*) may not be created. " The transposition may not be made for the purpose of creating an intention." (*Matter of Tamargo, supra.* See, also, *Dreyer* v. *Reisman,* 202 N. Y. 476.) Upon a reading of the 6th clause, it will be noticed that the testatrix omitted to insert the word " appoint." From the language used the word was intended to be inserted somewhere. If inserted prior to the words " Laurence Basil Halleran," the clause would read " unto Annie T. Burns & *appoint* Laurence Basil Halleran as sole executor and Trustee," but if inserted in the manner " and appoint him " after the words " Laurence Basil Halleran," it would read " Annie T. Burns & Laurence Basil Halleran *and appoint him;* " in the first case Annie T. Burns taking the whole residue, if any, and in the second place it would go to them equally. The construction by the surrogate of clauses 4 and 5 of the will was that these clauses validly passed the property mentioned therein, in clause 4 the Wildwood, N. J., property to Miss Burns, and in clause 5 the Flushing property to Miss Burns and Mr. Halleran, equally, and hence that they did not become a part of the residuum was a correct and proper construction, in my opinion. He also construed clause 6, or the residuary clause, as passing the residuum to them equally, and in this I think he was correct. There is no question but that by the residuary clause it was the intention of the testatrix to pass any remaining property either to Miss Burns *in toto* or one-half to her and one-half to Mr. Halleran. She never intended to die intestate as to a half. Miss Burns has died since the decree was made, and Mr. Halleran is her executor as well as the executor in this estate. No question has been raised between them as to the construction of the residuary clause, and I cannot see why intestacy should be found as to half of the residuum, *if any,* where the only person to benefit would be the very person whom the testatrix indicated in the will she did not intend should share in her estate.

The decree appealed from should be affirmed, with costs.

Present — KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ.

Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs.