John D. Bennett, S.
Incidental to this accounting proceeding, the accountants and the special guardian join in a request for a construction of three separate devises in the will of three parcels of real property. All three parcels contain dwellings with several apartments in each.
The deceased was survived by nine of her children, each one of whom is mentioned in one or the other of the three devises of real property.
All three parcels are devised to the respective children specifically “as tenants in common”. After each devise, the will designates specific apartments or rooms in the several dwellings which each of the respective devisees may occupy, if they so desire. However, only the devise of premises known as 18-20 Carney Street contains the further provision that such occupation shall not require the payment of rent.
*419 A second condition attached to each devise contains substantially the same language that appears in the second paragraph, subdivision 6, as follows: “ b. That in the event that either wishes to sell his share to the said premises, the other shall have the right to purchase the same at the market price of similar property located in that immediate vicinity. If they do not wish to exercise this right, then my other children shall have the right to purchase the same at the market price of similar property located in that vicinity.”
The accountants seek a construction of the interest devised to the children. The special guardian contends that the designation of the apartment or rooms which each child is to occupy, if he so chooses, vests such child only with that portion of the dwelling. This contention, however, is contrary to the express provision in each devise that such children take as " ‘ tenants in common ”.
It is the court’s determination that the designation of the apartments or rooms which the children are to occupy if they so choose is precatory. The designation in no way limits the estate of tenancy in common previously created.
The attempt to designate portions of the garages on premises set forth in paragraph Fifth of the will is also determined to be precatory.
It has been consistently held that, “Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative.” (Tillman v. Ogren, 227 N. Y. 495, 505; Matter of Weiss, 138 N. Y. S. 2d 676; Matter of De Biase, 148 N. Y. S. 2d 69; Weber v. Kress, 198 App. Div. 687.)
The second condition referred to above gives to each co-devisee an option to purchase at the ‘' market price ’ ’ the share of another co-devisee desirous of selling. In the event each co-devisee is not desirous of exercising the option, such option is then given to the remaining children of the decedent.
The question presented is whether this provision (1) causes an unlawful suspension of the power of alienation, or (2) is an-illegal restraint upon alienation.
As to question (1), the law in New York is well settled that the power of alienation is not unlawfully suspended if there are parties in being who by uniting can convey an absolute fee (Epstein v. Werbelovsky, 193 App. Div. 428, affd. without opinion 233 N. Y. 525; Matter of Hauser, 50 N. Y. S. 2d 709).
In Matter of City of New York (Upper N. Y. Bay) (246 *420 N. Y. 1, 29), the court stated: “ Neither do we think that the Statute of Perpetuities is here violated. As the city may not exercise the right to purchase this property within two lives in being (section 42 of the Real Property Law; Cons. Laws, ch. 50), it is said that the power of alienation was suspended. The municipality and the grantees, however, are in being and could convey a fee by their united action within the meaning of this section.” Since all the children could unite and convey a fee absolute, there is no suspension of the power of alienation.
The second question relating to whether such an option to purchase may be considered an illegal restraint upon alienation is somewhat more difficult. In Matter of City of New York (Upper N. Y. Bay) (supra, p. 29) a passing reference is made by the court that appellant contended an “ indefinite period for exercising an option is an illegal restraint upon alienation ”. No distinction was made however by the court between an illegal restraint or an unlawful suspension in its holding.
Compare Gray on The Rule Against Perpetuities ([4th ed.], § 119): “ The tying up of property, the taking of it out of commerce, can be accomplished either, first, by restraining the alienation of interests in it, or, secondly, by postponing to a remote period the arising of future interests. To guard effectually against this evil, as the law considered it, both these methods had to be provided against. The law provided against the first by the doctrine that all interests should be alienable; it provided against the second by the doctrine that all interests must arise within certain limits,— that is, by the Rule against Perpetuities. These two doctrines, though having originally a common purpose, have had a separate development. The attempts to combine them have led to much confusion.” (See, also, 1936 Report of N. Y. Law Revision Comm., p. 529, n. 135.)
Simes and Smith on The Law of Future Interests (§ 1154, pp. 62-68), state: “ The Restatement has taken the position that the validity of such provisions hinges largely upon the price which the pre-emptioner is required to pay for the property. It declares that either a promissory restraint or forfeiture rstraint is valid if the restraint merely requires that the owner must offer the property to the designated person at the price which has been offered by some third party purchaser. * * * But, if the owner is required to offer the property to the designated person at a fixed price, or at a reduced price from that offered by the third party purchaser, then such a provision constitutes a direct restraint upon alienation and is valid only to the extent that other forfeiture or promissory restraints are recognized in the jurisdiction.
*421 " Viewed from the standpoint of practical alienability, this solution seems defensible. If the holder of the pre-emption right is merely entitled to meet the offer of an open market purchaser, there is little clog on alienability. But if he has a right to purchase at a fixed price, or at a reduced price from that offered in the market, it is likely to involve a sacrifice by the owner in order to alienate the property. Hence, it becomes a far more serious interference with alienability.”
In New York restraints upon the sale of property have been held void which have attempted to prohibit alienation to strangers by restricting sales only to members of a family (Livingston v. New York, Ontario & Western Ry. Co., 193 App. Div. 523); also, where a provision required that the land be offered to the grantor, upon the grantee being desirous of selling, at three quarters of the price obtainable elsewhere, the court held such provision repugnant to the fee granted and a restraint upon alienation (De Peyster v. Michael, 6 N. Y. 467). A more recent case, Matter of Jeromos (9 Misc 2d 294, 295) held a devise of real estate conditioned upon the devisee disposing of the premises " only to his daughter * * * and to no one else ” void as an illegal restraint upon alienation.
The above cases present situations where substantial restraints were imposed upon alienation, the courts holding such restraints repugnant to the absolute fee devised or created. On the other hand, presently before this court is an option providing that if it be exercised the market price prevailing shall govern the purchase. Such an option is valid. " The giving of ordinary short term options to persons in being, does not involve any of the forms of ' mischief ’ which our statutes sought to eliminate. They were not intended to uproot this convenient and harmless practice.” (Chaplin on Suspension of the Power of Alienation [3d ed.], § 397.)
Accordingly, the court holds that the will creates tenancies in common in the devise of the three dwellings; the apportionment of dwelling and garage space amongst the devisees is precatory; and the options are not unlawful suspensions or illegal restraints upon alienation.
The account will be settled as filed.
Settle decree on five days’ notice.