■ HARRY LOWENKRON et al., Individually and as Member Subscribers of Berkeley Cooperative Towers Sec. 11 Corp., and All Others Similarly Situated, Appellants, v. BERKELEY COOPERATIVE TOWERS SEC. 11 CORP. et al., Respondents.— In a representative action by three of the subscribers to the capital stock of a co-operative housing corporation against the corporation and its five organizing directors, three of whom are its officers, (1) to enjoin defendants from taking title to the housing property which the corporation contracted to purchase and (2) to compel defendants to call a meeting of all the subscribers to elect a new board of directors, plaintiffs appeal from an order of the Supreme Court, Queens County, entered December 10, 1965, which in its first two decretal paragraphs denied plaintiffs' motion for such relief and in the remaining decretal paragraphs granted certain affirmative relief to defendants, including a direction to a Federal agency, a State official, a bank (none of which are parties to the action) and "all other affected persons". Order modified by striking therefrom all the decretal paragraphs following the first two. As so modified, order affirmed, without costs. The decretal provisions thus struck out are improper in that, *inter alia*: (1) they are not in conformity with the court's opinion, but are based on statements in an affidavit (submitted by defendants with their proposed order) concerning matters alleged to have occurred after the opinion was rendered (*Matter of Ayman* v. *Teachers' Retirement Bd.*, 19 Misc 2d 374, affd. 10 A D 2d 835, mod. on other grounds 9 N Y 2d 119; 1 Carmody-Wait, New York Practice, Orders, § 98, p. 699); (2) they grant to defendants affirmative relief though the latter made no cross motion therefor (CPLR 2215; cf., *Helfand* v. *Massa-*

*chusetts Bonding & Ins. Co.*, 197 App. Div. 759; *Silvestro* v. *City of New York*, 49 N. Y. S. 2d 217, affd. 269 App. Div. 783; *Fosmire* v. *National Sur. Co.*, 229 N. Y. 564; *Registered Country Homebuilders* v. *Stebbins*, 16 A D 2d 835); (3) in effect, they grant to defendants injunctive relief although they have not served the requisite notice of motion or order to show cause therefor (CPLR 6311; Wachtell, New York Practice Under the CPLR, p. 204); and (4) in part they purport to mandate a Federal agency and a State official, as well as others, none of which are parties to the action (*Daly* v. *Amberg*, 126 N. Y. 490; Wachtell, *op. cit., supra*, p. 207). Hill, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.