■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of FAMUEL DIAS DE SOUZA, Deceased, Respondent, v FROTA OCEANICA BRASILEIRA, S. A., et al., Appellants.—Order, Supreme Court, New York County, entered March 23, 1977, granting plaintiff an injunction enjoining defendants from harassing, intimidating, coercing, threatening or interfering with the widows and/or children of the men lost on the *S. S. Sylvia L. Ossa;* granting an injunction enjoining defendants from employing force or violence to prevent disclosure concerning events leading to the sinking; determining that jurisdiction exists under the Jones Act and denying a nondenominated motion to dismiss; and denying defendants-appellants' objections to the authority of the plaintiff-respondent Public Administrator; unanimously modified, on the law and the facts, without costs and without disbursements, to deny the temporary injunction and to vacate the denial of the nonexistent motion to dismiss the complaint, and otherwise affirmed. In aid of this Jones Act (US Code, tit 46, § 688) action to recover for his decedent's death in a ship disappearance on the high seas, plaintiff Public Administrator sought a temporary injunction in substantially the form granted by Special Term. As authority, plaintiff cited the United States Code (tit 45, § 60), incorporated by reference into the Jones Act. The defendants opposed, contending that the injunction was not warranted in equity, that it was not authorized by section 60 of title 45 and, even if it were, it was not a remedy available to a Public Administrator. Special Term held that, while section 60 of title 45 would not authorize relief, a temporary injunction was warranted under the general equity powers of the court. We disagree, holding that the showing here did not justify injunctive relief for either reason. The plaintiff has not persuasively shown by any competent witness that he has been hampered by the defendants in his efforts to interview the widows and children of crew members in Brazil. He provided two affidavits on the point. One was the hearsay evidence of a lawyer in New York relaying what he had been told by a lawyer in Brazil. The other affidavit, reciting one instance of attempted, but obviously unsuccessful, coercion, was by a woman who described herself as so illiterate that she is only able to sign her name. Additionally, the threat to this woman arose out of negotiations for her husband's back wages, not out of efforts by the plaintiff to interview her. The clear legal right necessary to a temporary injunction *(Hartford v Resorts Int.,* 43 AD2d 828) cannot be found in this sketchy evidence and the grant of the injunction must be deemed an abuse of discretion. When the defendants raised the applicability of section 60 of title 45 and the authority of the Public Administrator, Special Term erroneously construed this to be a cross motion to dismiss the complaint. It then denied the cross motion, holding that jurisdiction existed under the Jones Act and denying the objections to the authority of the Public Administrator. The record shows that these issues were raised solely in opposition

to the application for a temporary injunction and that the defendants specifically stated that it was not their position that the plaintiff's claim was not governed by the Jones Act. Defendants should not now be confronted by findings they had no notice of, formulated to rule on a motion that was never made (CPLR 2215; *Lowenkron v Berkeley Co-op. Towers Sec. 11 Corp.*, 25 AD2d 656). Concur—Kupferman, J. P., Silverman, Lane and Lynch, JJ.