■ PATRICK J. MYERS et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages, *inter alia,* for personal injuries and false arrest, plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated April 20, 1978, as upon reargument adhered to its original determination (a) denying their motion to permit a late filing of their complaint and (b) granting defendants' cross motion to dismiss the action and (2) from an order of the same court, dated August 8, 1978, which denied their motion for reargument. Appeal from order dated August 8, 1978 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated April 20, 1978 affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' failure to serve a complaint for 32 months after defendants' demand therefor, their reliance upon the unacceptable excuse of attorney neglect, and their additional failure to provide an affidavit of merit to establish factually meritorious causes of action lead to the conclusion that Special Term acted properly in denying their motion to permit late service of the complaint. Plaintiffs' claim of lack of intent to abandon their case is neither controlling nor supported in the record. Additionally, plaintiffs' attorney's affirmation that he delayed service of the complaint pending the release from prison of one of the plaintiffs does not constitute a justifiable reason for the delay where, as here, the same attorney represents all three plaintiffs. Therefore, the denial of plaintiffs' motion and the granting of defendants' cross motion to dismiss the action pursuant to CPLR 3012 (subd [b]) constituted proper exercises of Special Term's discretion. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■ PATRICK NAGLE, Respondent, v NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY HEALTH CENTER, INC., et al., Defendants, and BENJAMIN MALERBA, Appellant.—In a consolidated action to recover damages for medical malpractice, defendant Malerba appeals from (1) so much of an order of the Supreme Court, Queens County, dated March 1, 1978, as, upon granting his motion to compel plaintiff to appear at an examination before trial, directed that he also appear to be examined and (2) a further order of the same court, dated March 29, 1978, which treated his motion for "renewal and/or re-argument and/or re-settlement" as one for reargument and denied the motion. Appeal from the order dated March 29, 1978 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated March 1, 1978 reversed insofar as appealed from, without costs or disbursements, and the provision which directed appellant to appear for an examination before trial is deleted. The examination of plaintiff shall proceed at the place designated in the order dated March 1, 1978, at a time to be fixed in a written notice of not less than 10 days, to be given by appellant, or at such other time and place as the parties may agree. Under the circumstances, there was no basis to direct an examination before trial of appellant in the absence of a request for such relief by plaintiff in a cross motion (see *Lowenkron v Berkeley Co-op. Towers Sec. 11 Corp.,* 25 AD2d 656). Appellant's papers on his second motion contained no new facts and it was, therefore, properly denominated a motion for reargument. No appeal lies from the denial of a motion to reargue. Damiani, J. P., Suozzi, Lazer and Rabin, JJ., concur.