■ E. KEVAN ROWLEE, II, Appellant, v DEWEY M. DIETRICH, et al., Respondents. — Order unanimously reversed, with costs, and motion denied. Memorandum: On April 16, 1973 Dewey Dietrich sold approximately 29 acres of land to plaintiff's assignors, his parents Elon K. Rowlee and Gertrude Rowlee, for $3,500. In conjunction with the sale the parties entered into a further agreement by which plaintiff's assignors were granted a right of first refusal to purchase an additional 141-acre parcel adjacent to the property which was the subject of the sale. That agreement, the subject of the controversy here, provided, in pertinent part, as follows: "[I]f at any time the undersigned or his heirs, executors, administrators or representatives desire to sell the premises covered by this Instrument * * * the said undersigned or his heirs, executors, administrators or representatives must give the said Elon K. Rowlee and Gertrude Rowlee, his wife, the right to purchase the same for [$6,500]. This right of first refusal shall enure to the benefit of [Elon K. and Gertrude Rowlee], and further shall enure to the benefit of their heirs and assigns and estate." The agreement was witnessed by the defendants Lillian Loomis, David Dietrich and Lelan Dietrich, the children of Dewey Dietrich. Subsequently, by an instrument recorded December 10, 1973, Elon and Gertrude assigned their rights under the option to their son E. Kevan, plaintiff herein. On or about October 21, 1976 Dewey Dietrich conveyed property including the parcel described in the option to the other defendants. Plaintiff did not learn of the conveyance until 1979, at which time he commenced this action seeking specific performance of the option agreement or, in the alternative, a judgment declaring that defendants hold the property subject to plaintiff's right of first refusal. Defendants variously asserted the following affirmative defenses: that Dewey Dietrich was without legal capacity to enter into this agreement because of his advanced age and mental infirmity; that the agreement constituted an improper restraint on alienation; that the option must fail because it was for an indefinite duration and was not exercised within a reasonable time; and that there had been a lack of consideration. We merely note that defendants did not assert that the option agreement violates the rule against perpetuities (EPTL 9.1-1, subds [a], [b]; cf. *Buffalo Seminary v McCarthy,* 86 AD2d 435). Additionally, defendants claimed that the conveyance from Dewey had been a gift rather than a sale, and thus did not give rise to an exercise of the option. Defendants moved for summary judgment dismissing the complaint, reasserting their affirmative defenses and submitting the affidavit of a real estate broker who stated that the property in question has a market value of $30,850. This proof was offered in support of defendants' contention that the disparity between the option price and the current market value invalidated the option. Plaintiff cross-moved for summary judgment dismissing defendants' answers, disputing the validity of defendants' appraisal, submitting a detailed account of the negotiations which culminated in the sale and option agreement and asserting that purchase of the earlier parcel was in consideration of the right of first refusal with respect to the remaining property. Additionally, by way of supplemental affidavit, plaintiff asserted that Dewey Dietrich had died and that the remaining defendants had contacted him with respect to purchasing the property at a price in excess of that stated in the option. In its memorandum decision, the court denied plaintiff's motion and

granted defendants' motions dismissing the complaint on the basis that the conveyance to defendants had not been a sale and thus did not give rise to exercise of the option. The decision makes clear that the court did not make a determination as to the validity of the option agreement and that its observations on that subject were dicta. Nevertheless, the court's order declared the option null and void and expunged it from the record. Where the relief granted in the order does not conform to the court's decision, the decision controls (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:4, p 149; Siegel, New York Practice, § 250, p 308; 2 Carmody-Wait 2d, NY Prac, § 8:91, p 113). Such error may be corrected by a motion to resettle (CPLR 2221) or may be cured on appeal (CPLR 5019, subd [a]; 5522; see *Halloran v Virginia Chems.*, 41 NY2d 386, 394; *Matter of Perry v Zarcone*, 77 AD2d 881, app dsmd 52 NY2d 785; *Lowenkron v Berkeley Coop. Towers Sec. 11 Corp.*, 25 AD2d 656). We can thus easily correct the discrepancy; however, in view of our disposition of the issues, it will not be necessary to do so. We find insufficient evidence in the record to support Special Term's grant of summary judgment to defendants on the ground that there has not been a sale of the property. Summary judgment should be granted only if the evidence eliminates all material and triable issues of fact as well as any doubt as to the existence of such issue (see *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Palmerton v Envirogas, Inc.,* 80 AD2d 996, 997; see, also, *Onondaga Soil Testing v Barton, Brown, Clyde & Loguidice,* 69 AD2d 984). Defendants' conclusory assertions that the conveyances here were gifts from Dewey are unsupported by any factual showing. The quitclaim deeds from Dewey Dietrich to his children recite that the conveyance is "in consideration of [$1] and other good and valuable consideration". While this language may constitute evidence that consideration was paid for the property (see *Lacustrine Fertilizer Co. v Lake Guano & Fertilizer Co.,* 82 NY 476, 483), it does not preclude a determination that there was a gratuitous conveyance of the property (see *Hood v Webster,* 271 NY 57, 60). There is clearly a factual issue requiring resolution at trial. Treating that issue as subsidiary, the parties themselves seem to focus on whether the right of first refusal agreement is void as an unreasonable restraint on alienation of property. Defendants urge that the agreement effects an invalid restraint because it is unlimited in duration, contains an option price well below the current market value of the property and is not based upon any sound business purpose. The right of first refusal granted to plaintiff's assignors, commonly referred to as a right of pre-emption (see *Izzo v Brooks,* 106 Misc 2d 743, 746), must be examined in the light of the public policy which favors the free transfer of property *(Witt v Disque,* 79 AD2d 419; *Izzo v Brooks, supra; Kowalsky v Familia,* 71 Misc 2d 287). Pursuant to this public policy, courts have concluded that a pre-emptive right is at least arguably valid if the restraint which it imposes is reasonable in light of the circumstances existing at the time of the option's creation and the purposes of the option (see *Witt v Disque, supra,* pp 425-426; *Izzo v Brooks, supra,* p 749). Defendants contend that because the current market value of the property is significantly greater than the price fixed in the agreement, the option is rendered invalid. Such disparity is not, in and of itself, sufficient to invalidate the pre-emption (see *Allen v Biltmore Tissue Corp.,* 2 NY2d 534, 543). In order to defeat the pre-emption, defendants must establish additional factors which bear on the reasonableness of the restriction (see *Witt v Disque, supra; Izzo v Brooks, supra; Kowalsky v Familia, supra;* Restatement, Property, § 406). The various factors bearing on these issues have not been presented in this record and must await exploration at trial. (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — specific performance of option.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.