OPINION OF THE COURT
Eugene R. Wolin, J.
Defendants Victoria Murphy and Patrick Murphy are the owners of a condominium unit in premises located at 50 East 72nd Street, New York, New York. Both the offering plan and the bylaws for the condominium provide that in the event an owner of a unit wishes to sell the unit, the Board of Managers (the Board) of the condominium, on behalf of all other unit owners, or its designee must first be given an opportunity to purchase the unit at the same price and on the same terms as offered by the proposed purchaser. The Board must exercise this right within 30 days of notification of an offer to purchase the unit. Pursuant to the deed and the purchase agreement for the unit, the declaration and the bylaws of the condominium are deemed to be incorporated into those documents and *296 are to constitute covenants running with the land. The deed also provides that the covenants are binding upon "any person having at any time any interest or estate in the unit”.
On or about February 8, 1985 plaintiffs entered into a written agreement with the Murphys for the purchase of their condominium unit. The plaintiffs concede that they were informed of the provision in the bylaws giving the Board a right of first refusal. The contract of sale also required the Murphys to seek an "early determination” as to whether the Board intended to exercise its right of first refusal. Plaintiffs proceeded to obtain the necessary financing and a closing date was set for May 25, 1985. In or about the first week of May 1985, the Murphys formally notified the Board of the purchase price and the terms of the proposed sale. Thereafter, at the next regularly scheduled meeting, the Board decided to exercise its right of first refusal and designated another unit owner to purchase the unit at the same price and terms offered by the plaintiffs. The plaintiffs have commenced this action seeking specific performance of their contract of sale. The matter is now before the court on the motion of plaintiffs for an order enjoining the defendants, pendente lite, from selling the condominium unit to anyone other than plaintiffs.
On the motion, plaintiffs have advanced two arguments: that the Murphys have breached the contract by their failure to obtain an early determination from the Board with respect to its decision to exercise its right of first refusal; and that in any event the right of first refusal is void and unenforceable because it violates the rule against perpetuities (EPTL 9-1.1 M).
Pursuant to Real Property Law § 339-g, each condominium unit "together with its common interest, shall for all purposes constitute real property.” Thus it is argued that the right of first refusal at issue is an interest in real property which may vest beyond the permissible period (EPTL 9-1.1 [b]). In Buffalo Seminary v McCarthy (86 AD2d 435, affd 58 NY2d 867), the Appellate Division held that an unlimited purchase option created a contingent equitable estate (86 AD2d 435, 443, n 6) and thus was subject to the rule against perpetuities. This analysis was adopted by the Court of Appeals which affirmed for the reasons stated by the Appellate Division. Thus, there is support for the position taken by the plaintiffs. However, an analysis of the policy considerations underlying the rule against perpetuities as well as a review of decisions of other jurisdictions which have considered the issue, persuades the *297 court that a mechanical application of the rule against perpetuities to a right of first refusal which is contained in condominium bylaws would be ill advised.
The present statute (EPTL 9-1.1 [b]) is a codification of the common-law rule prohibiting remoteness in vesting. The public policy rationale for the rule was the need to avoid fettering real property with future interests dependent upon contingencies unduly remote which isolate the property and exclude it from commerce and beneficial development (Weber v Texas Co., 83 F2d 807, cert denied 299 US 561). Because of the contingent nature of these interests in property, the primary application of the rule against perpetuities is to options and future interests involving indirect restraints on alienation (Witt v Disque, 79 AD2d 419; Robroy Land Co. v Prather, 95 Wn 2d 66, 622 P2d 367). Direct restrains on the free transferability of vested interests in property, e.g., provisions in a deed forbidding alienation by the grantee, are subject to a different analysis. In this area the courts have fashioned the rule against restraint on alienation (Matter of City of New York [Upper N.Y. Bay], 246 NY 1; Witt v Disque, 79 AD2d 419, supra) which has not been codified. In determining the validity of the direct restraint involved the court must apply the test of reasonableness (Allen v Biltmore Tissue Corp., 2 NY2d 534; Rowlee v Dietrich, 88 AD2d 751; Witt v Disque, 79 AD2d 419, supra; Metropolitan Transp. Auth. v Bruken Realty Corp., 125 Misc 2d 497). A reasonable restraint will therefore be upheld. However, within these broad conceptual parameters difficulties arise. An option which creates a contingent estate may present such a slight interference with the free alienability of property that an automatic application of the rule against perpetuities would in essence be contrary to the purpose of the rule. In that event the court should not mechanically apply the rule against perpetuities but should evaluate the nature of the particular restraint with respect to the purpose for which it was intended and the policies behind the rule against perpetuities and then subject the restraint to the test of reasonableness to determine its validity (Metropolitan Transp. Auth. v Bruken Realty Corp., 125 Misc 2d 497, 505, supra; Cambridge Co. v East Slope Inv. Corp., — Col —, 700 P2d 537 [1985]).
An option in gross, i.e., an option to purchase property, is subject to the rule against perpetuities (Buffalo Seminary v McCarthy, 86 AD2d 435, affd 58 NY2d 867, supra; Neustadt v Pearce, 145 Conn 403, 143 A2d 437; Restatement of Property *298 § 413; 4B Powell, Real Property ¶ 633.14 [2]). The right of first refusal at issue here can be classified as a preemptive option and would, therefore, be subject to the rule to prevent remoteness in vesting (but see, Metropolitan Transp. Auth. v Bruken Realty Corp., 125 Misc 2d 497, 505, supra). However, there is a substantive distinction between an unlimited option which gives the option holder the right to compel a sale of the property, and a preemptive option which merely allows the option holder to purchase the property at the same price and on the same terms which the property owner has already found acceptable. The preemptive option may only be exercised when the property owner has decided to sell and its practical effect is to provide an additional, albeit preferred, purchaser. While the exercise of the option may disrupt the plans of a third-party purchaser, the option itself does not present a significant restraint on the power of the property owner to convey a fee interest in the property. Nor will the existence of the option be a deterrent to the beneficial use or improvement of the property. The cost of the improvements will be recovered in a sale of the unit to either a third party or a purchaser designated by the Board of Managers of the condominium. Additionally, because the option is vested in the Board, potential problems in either identifying or locating the option holder have been eliminated. One further factor should be discussed. The ownership interest involved here is not an ordinary fee simple interest in property. Ownership of the fee interest in an individual condominium unit also includes an ownership interest in the common areas of the building as well as the underlying realty. The Board as the representative of the individual unit owners therefore has an interest in maintaining and improving the building. The preemptive option is thus not an independent option but is held by the other unit owners as part of an interrelated transaction affecting the ownership of the entire condominium and not an individual unit (Witt v Disque, 79 AD2d 419, 425, supra). Given the overriding concern of the unit owners to maintain and improve their fee interests, a technical violation of the rule against perpetuities should not operate to void an otherwise reasonable restraint (4B Powell, Real Property ¶ 633.14 [2], at 826.4; Note, Condominiums And The Right Of First Refusal, 48 St. John’s L Rev 1146 [1974]). Finally, other courts which have considered the question have refused to apply the rule against perpetuities to a right of first refusal but have applied the rule against restraints on alienation and have *299 evaluated the reasonableness of the restraint involved (Cambridge Co. v East Slope Inv. Corp., — Col —, 700 P2d 537, supra; Shiver v Benton, 251 Ga 284, 304 SE2d 903; Terrell v Messenger, 428 So 2d 1241 [La App 3d Cir]; Hartnett v Jones, 629 P2d 1357 [Wyo]; Smith v Mitchell, 301 NC 58, 269 SE2d 608; Robroy Land Co. v Prather, 95 Wn 2d 66, 622 P2d 367, supra). These decisions represent the trend in the law and are persuasive.
Upon consideration of all these factors, the court is persuaded that the rule against perpetuities should not be applied to invalidate a preemptive option on a condominium unit which is held by the other owners of the condominium. The restraint on alienation created by the potentially remote vesting of the option is minimal and the underlying purposes of the rule against perpetuities have not been violated. Therefore, the rule should not operate to automatically void the option. The preemptive option should, however, be subject to the common-law rule against restraints on alienation and the court should apply the test of reasonableness to determine the validity of the option.
In determining whether the restraint is reasonable, the court should consider several factors: the purchase price, i.e., whether it is a sum fixed by the option, the market value of the property or an amount accepted by the property owner from a third-party purchaser; the duration of the option period, e.g., is the option holder required to exercise the option within 30 or 60 days after formal notification of a proposed sale and must the option holder close on the transaction within a similar period; whether there are any other fees involved, e.g., is the property owner required to pay a fee to obtain a release by the option holder; and the purpose underlying the restraint, e.g., a preemptive option should not be utilized to foster discriminatory and objectionable occupancy controls (Allen v Biltmore Tissue Corp., 2 NY2d 534, supra; Rowlee v Dietrich, 88 AD2d 751, supra; Witt v Disque, 79 AD2d 419, supra; Tramontano v Catalano, 23 AD2d 894; Metropolitan Transp. Auth. v Bruken Realty Corp., 125 Misc 2d 497, supra; Kowalsky v Familia, 71 Misc 2d 287; Matter of Abbondondolo, 10 Misc 2d 418; Note, Condominiums And The Right Of First Refusal, 48 St. John’s L Rev 1146 [1974]). The burden of establishing that the restraint is unreasonable is on the movant (Rowlee v Dietrich, 88 AD2d 751, supra). The option at issue requires the Board to exercise a right of first refusal within 30 days after formal notification and further *300 requires that the transaction close within 45 days of the notice of election. The Board or its designee must purchase at the same price and on the same terms as those agreed to by the property owner in the proposed sale. Similar conditions have been held to be reasonable by other courts (Rowlee v Dietrich, 88 AD2d 751, supra; Witt v Disque, 79 AD2d 419, supra; Tramontano v Catalano, 23 AD2d 894, supra; Metropolitan Transp. Auth. v Bruken Realty Corp., 125 Misc 2d 497, supra). In addition, plaintiffs have not alleged that the purpose underlying the preemptive option is an impermissible one nor that the exercise of the option in this instance has been unreasonable. Plaintiffs have therefore not satisfied their burden of establishing a likelihood of success on the merits (Chrysler Corp. v Fedders Corp., 63 AD2d 567) and their request for injunctive relief must be denied. Any claim that the plaintiffs may have with respect to a breach of contract by the Murphys arising from a failure to seek an expeditious determination from the Board may be satisfied by an award of damages.
Accordingly, the motion of plaintiffs for an order enjoining, pendente lite, the sale and transfer of title of the condominium unit owned by the defendants Victoria and Patrick Murphy is denied and the temporary restraining order entered by the court on May 31, 1985 is hereby vacated. Defendants shall serve an answer or otherwise move with respect to the complaint within 20 days of service of a copy of this order with notice of entry.