■ GORDON L. WRAIGHT et al., Appellants, v ESTATE OF HERMAN J. NEU et al., Respondents.—Order and judgment unanimously reversed on the law without costs and motion denied. Memorandum: In 1960, plaintiffs agreed to purchase 120 acres of farmland from Lauretta and Herman Neu. The contract of sale provided that if the Neus elected to sell the remainder of their property, plaintiffs had the first option to purchase it for $1,500, and that this agreement was binding upon the Neus' heirs and successors. Lauretta Neu predeceased her husband and he died in February of 1985. In June of 1985, plaintiffs observed a "for sale" sign on the Neu house and attempted to exercise the option. Defendants, the heirs of Herman Neu, refused to sell at the option price. Plaintiffs

commenced this action for specific performance of the option agreement and for consequential damages. During pendency of the action, the house on the property was destroyed by fire, and the complaint was amended to impress a constructive trust upon any insurance proceeds and for damages for intentional interference with contractual rights. Defendants moved for summary judgment on the grounds that they had never offered the property for sale and that the option agreement violated the rule against perpetuities (EPTL 9-1.1) and the common-law rule against unreasonable restraints upon alienation (see, Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156). Supreme Court correctly determined that factual issues were raised on the question whether defendants had offered the property for sale. We conclude, however, that the court erred in finding that the restraint on alienation was unreasonable as a matter of law and thus reverse and deny the motion for summary judgment.

Supreme Court found that the restraint was unreasonable because of a great disparity between the option price and fire insurance proceeds of $30,000 and because the purpose of the option could no longer be served. Whether a restraint on alienation is reasonable depends upon its purpose, duration, and the method for fixing the purchase price (Metropolitan Transp. Auth. v Bruken Realty Corp., supra, at 162). Reasonableness is viewed in light of the circumstances existing at the time of the option's creation, but a disparity between the fixed option price and market value when the option is exercised is a factor that may be considered (Rowlee v Dietrich, 88 AD2d 751, 752). In this case, however, defendants proffered no material in evidentiary form regarding the insurance proceeds or whether the proceeds were for realty, personalty or both, and the unsworn letter signed by a real estate salesperson purporting to be an appraisal of the property for $9,500 to $10,000 raised more questions than it resolved (see, Crady v Newcomb, 142 AD2d 940). Moreover, one of the plaintiffs testified at an examination before trial that plaintiffs paid a premium price for the farmland because of the option. It appears that the purpose for creating the option was to reunite the remaining Neu property with the farmland sold to plaintiffs. Supreme Court found that this purpose could no longer be served because plaintiffs resold a portion of the land they had purchased in 1960 and because the Neu house was destroyed by fire. Although it appears that plaintiffs sold a portion of the farmland, the record fails to show how much of the land was sold or its location. We are therefore unable to

determine whether the property sold was so substantial in quantity or quality as to defeat the purpose of the option. Also, the house was destroyed *after* plaintiffs attempted to exercise the option, and thus has little bearing upon whether plaintiffs were entitled to exercise the option before the fire. Under the circumstances, factual issues exist as to price and purpose, and summary judgment should have been denied *(see, Rowlee v Dietrich,* 88 AD2d 751, *supra; Witt v Disque,* 79 AD2d 419). (Appeal from order and judgment of Supreme Court, Steuben County, Purple, J.—specific performance.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.