■ GORDON L. WRAIGHT et al., Plaintiffs, v ESTATE OF HERMAN J. NEU et al., Defendants. WARREN H. NEU, Third-Party Plaintiff-Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant. (Appeal No. 1.)— Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: In 1960, Gordon and Helen Wraight purchased some 120 acres of farmland in the Town of Wheeler from Lauretta and Herman Neu. The contract of sale provided that, if the Neus elected to sell the remainder of their property, the Wraights had the first option to purchase that remainder. Lauretta and Herman Neu died in July 1976 and February 1985 respectively. In June 1985, the Wraights observed a "for sale" sign on the Neu residence and attempted to exercise their option. Warren Neu and his brothers, the heirs of Herman Neu, refused to sell at the option price, and the Wraights commenced an action for specific performance of the option agreement and for consequential damages. During pendency of this action, Warren Neu, as executor of the estate of Herman Neu, conveyed the subject property to himself and his brothers. The residence was thereafter destroyed by fire, and the Wraights amended their complaint to assert causes of action to impress a constructive trust upon insurance proceeds, for damages for intentional interference with contractual rights and for Warren Neu's negligence in causing the residence to be damaged by fire.

At the time the subject property was damaged by fire, Warren Neu and his wife had a basic homeowner's policy issued by Nationwide Mutual Fire Insurance Company pertaining to residential premises they owned in Bath, N.Y. Warren Neu, upon receiving the amended complaint of the Wraights, delivered the pleading to Nationwide and demanded that Nationwide provide a defense in that action pursuant to the personal liability portion of the policy. When Nationwide refused, Neu commenced the instant third-party action seek-

ing a judgment declaring that Nationwide was obligated to defend and indemnify Neu on those causes of action pertaining to the fire loss. Nationwide asserted several affirmative defenses in its answer, including the defense that the personal liability coverage of the homeowner's policy contained an exclusion for "property damage to property owned, produced or distributed by an insured". Nationwide now appeals from a judgment directing it to provide a defense in the Wraight action and awarding Warren Neu more than $12,000 for attorney's fees previously incurred. We reverse.

The amended complaint alleges, and the uncontroverted record reveals, that Warren Neu was a record title owner of the subject property when the property was damaged by fire. Although Neu and his brothers hold title to the property subject to the specific performance rights of Gordon and Helen Wraight (see, Waxson Realty Corp. v Rothschild, 255 NY 332, 336; Crippin v Spies, 255 App Div 411, 413; see generally, 38 NY Jur 2d, Decedents' Estates, § 90) and although factual issues exist regarding the enforceability of the contract of sale (see, Wraight v Estate of Neu, 155 AD2d 904), the undisputed fact remains that, on the date of the fire, Warren Neu "owned" the property within the unambiguous language of the policy exclusion. Thus, judgment is granted declaring that the policy exclusion for "property damage to property owned * * * by an insured" applies to the action commenced by the Wraights and that Nationwide is not obligated to defend that action. (Appeal from Judgment of Supreme Court, Steuben County, Purple, Jr., J.—Indemnification.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.