■ ROBERT GOODSTEIN et al., Appellants, v GOODSTEIN BROS. & Co., INC., et al., Respondents, et al., Defendants. [613 NYS2d 1] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about April 30, 1993, which granted defendants' motion to dismiss the complaint and denied plaintiffs' cross-motion for summary judgment, unanimously affirmed, with costs.

The plaintiffs do not dispute that the Management Agreement, governing the family business of managing an eleven-

floor office building in Manhattan, bars the partition they seek if its provisions for restricting transfer of ownership are valid. These provisions do not violate the rule against perpetuities (see, EPTL 9-1.1) because the ongoing management of a multi-tenant office building in New York City is the type of modern legal transaction that justifies exempting it from the operation of the rule and the validity of the preemptive provisions should instead be judged by applying the common-law rule against unreasonable restraints (Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 166). The plaintiffs have not shown that the restraints are unreasonable as to price when they ensure market value (see, Wraight v Estate of Neu, 155 AD2d 904), or as to purpose when the restraints relate to the "peculiar characteristics" of family ownership of a commercial building (Anderson v 50 E. 72nd St. Condominium, 119 AD2d 73, 79, appeal dismissed 69 NY2d 743).

We have considered the plaintiffs' remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.