■ RICHARD OGUST, Respondent, v 451 BROOME STREET CORP. et al., Appellants. (And a Third-Party Action.) [727 NYS2d 877] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 8, 2000, which, insofar as appealed from, directed defendants to pay plaintiff $22,500 per month commencing July 1, 2000, in relocation expenses until all necessary repairs were completed to his cooperative units, unanimously reversed, on the law and the facts, without costs, and the direction vacated.

Order and judgment, same court and Justice, both entered January 18, 2001, which awarded plaintiff damages in the principal amount of $67,500 and denied defendants' cross motion to stay the order of September 8, 2000, unanimously reversed, on the law and the facts, without costs, the award of damages vacated, and the matter remanded to the Supreme Court, New York County, for a hearing on whether defendants timely commenced repairs in compliance with an order of Justice Bransten dated January 6, 2000.

Defendant 451 Broome Street Corp. (the corporation) is a cooperative corporation that owns the residential building in which plaintiff is a shareholder. The shares owned by plaintiff correspond to two units on the top two floors of the building which are connected by an internal elevator. Plaintiff is a New York State licensed Wildlife Rehabilitator and houses endangered turtles, tortoises and numerous other reptiles in his apartment. In addition, he is a writer who has a collection of over 25,000 documents in his units.

Plaintiff complained to the corporation about several defective and deteriorating conditions in the units, including problems with the roof, heat and hot water and the growth of mold in his apartment. After the problems were not remedied to his satisfaction, plaintiff commenced this action in March of 1999 against the corporation, Sequoia Property Management Corp., and the corporation's Board of Directors. The complaint alleged, *inter alia*, causes of action sounding in breach of warranty of habitability, breach of quiet enjoyment, constructive eviction, failure to repair, and breach of contract.

Simultaneously with commencing this action, plaintiff moved for injunctive relief. This motion was resolved by a so-ordered stipulation dated May 24, 1999, in which the parties were to agree on a "Scope of Work" plan, and plaintiff was to allow defendants access to their units.

Not satisfied with defendants' progress, plaintiff moved for, *inter alia*, an order directing defendants to pay the sum of $22,500 per month in relocation expenses to enable plaintiff to

vacate the units while the necessary repairs were made. Defendants opposed the motion on the grounds that they had taken steps to make the necessary repairs, and that any delay was due in large part to plaintiff's actions.

By order dated January 6, 2000, Justice Eileen Bransten decided plaintiff's motion in relevant part as follows: "Because it appears that the Landlord intends to immediately commence abatement of the allegedly hazardous conditions at the Tenant's apartment, the Court denies the tenant's request for relocations fees, conditioned on the Landlord **actually** commencing roof, heating and water pressure repairs to the building within fourteen days. If the Landlord fails to commence these repairs within such fourteen day period, the Landlord shall pay the Tenant $22,500 per month to relocate, until such time as the Landlord has completed the agreed to renovations to the building and the Tenant's apartment."

Approximately six weeks later, plaintiff moved to, *inter alia*, enforce the prior order of Justice Bransten and the terms of the so-ordered stipulation. Plaintiff claimed that defendants had failed to commence any of the necessary work and that conditions had begun to worsen. Defendants maintained that they had engaged in good faith efforts to address the problems, but that their efforts had "unfortunately been unnecessarily complicated by plaintiff's own actions in creating road blocks to legitimate corrective actions, by advancing claims for common areas in which plaintiff had no standing and by the failure to recognize that some of the alleged problems are building wide and that proposed solutions should address the needs of all the residents of the buildings." In addition, defendants claimed that their efforts were further hampered by the fact that plaintiff maintained a large collection of lizards and other animals and insisted that he not be separated from them during the repair efforts. Moreover, although the parties agreed that no repairs would be done to the roof during the winter, defendants claim that their attempts to begin repairs on the roof before the cold weather were delayed after plaintiff's expert raised concerns about asbestos in the roof. These concerns had to be addressed prior to any repair work.

By order dated August 31, 2000 and entered September 8, 2000, Justice Louise Gruner Gans stated in relevant part that: "Whether it was impossible to comply with that part of Judge Bransten's order pertaining to roof work during the 14 day period following the order and whether defendants attempted to comply with that part of the order concerning heat and hot water, but were thwarted by plaintiff are issues of fact which can-

not be determined without a hearing." However, instead of ordering a hearing on this threshold question, Justice Gans ordered, *inter alia*, that defendants pay plaintiff $22,500 per month as of July 1, 2000 until all necessary repairs were completed.

Shortly thereafter, plaintiff moved for an order granting entry of the judgment. Defendants cross-moved for a stay of the August 31, 2000 order. By order dated January 16, 2001, the court granted plaintiff's motion and executed a judgment in the amount of $67,500, based on its prior order of August 31, 2000, and denied the cross motion.

On appeal, defendants contend that Justice Gans misinterpreted the prior order of Justice Bransten by concluding that the prior order required the payment of relocation costs regardless of whether defendants had timely commenced the roof, heating, and plumbing repairs. Defendants maintain that this error was compounded by the entry of the separate order and judgment which awarded plaintiff three months of relocation expenses.

Plaintiff contends that the so-ordered stipulation and Justice Bransten's prior order, from which no appeal was taken, became the law of the case. However, defendants are not challenging Justice Bransten's prior order, but rather Justice Gans's interpretation of that order. Although Justice Gans found that there were issues of fact which could not be resolved in the absence of a hearing on the threshold question of whether defendants had complied with Justice Bransten's prior order, instead of holding a hearing, she inexplicably resolved the factual issues in plaintiff's favor. It is from, *inter alia*, this ruling which defendants properly appeal (*see*, CPLR art 55; *cf.*, *Rowlee v Dietrich*, 88 AD2d 751, 752). Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.