CitiMortgage, Inc. v Salko (2020 NY Slip Op 00566)





CitiMortgage, Inc. v Salko


2020 NY Slip Op 00566


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02512
2018-07560
 (Index No. 65041/14)

[*1]CitiMortgage, Inc., etc., plaintiff/counterclaim defendant-respondent, 
v
David Salko, etc., defendant/counterclaim plaintiff-appellant, et al., defendants; Nilsa Salko, additional counterclaim plaintiff.


Fred M. Schwartz, Smithtown, NY, for defendant/counterclaim plaintiff-appellant.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for plaintiff/counterclaim defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant/counterclaim plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 16, 2018, and (2) an order of the same court dated June 14, 2018. The order dated January 16, 2018, insofar as appealed from, upon granting that branch of the motion of the plaintiff/counterclaim defendant which was to discontinue the action without prejudice, (a) granted that branch of the motion of the plaintiff/counterclaim defendant which was to dismiss the counterclaim asserted by the defendant/counterclaim plaintiff and the additional counterclaim plaintiff, (b) denied those branches of the cross motion of the defendant/counterclaim plaintiff which, inter alia, were to condition the discontinuance of the action upon the payment of counsel fees to the defendant/counterclaim plaintiff, the tolling of all mortgage interest, late fees, and expenses from the date of the alleged default on the mortgage loan, and the severance and continuation of the counterclaim, and (c), sua sponte, revoked a previous acceleration of the mortgage debt. The order dated June 14, 2018, insofar as appealed from, granted and denied the same relief as the order dated January 16, 2018, and, upon the discontinuance of the action, sua sponte, revoked the previous acceleration of the mortgage debt and directed that the mortgage remain an installment contract.
ORDERED that the appeal from the order dated January 16, 2018, is dismissed, as the portions of the order appealed from were superseded by the order dated June 14, 2018; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated June 14, 2018, as, sua sponte, revoked the previous acceleration of the mortgage debt and directed that the mortgage remain an installment contract is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated June 14, 2018, is modified, on the law, by deleting [*2]the provision thereof revoking the previous acceleration of the mortgage debt and directing that the mortgage remain an installment contract; as so modified, the order dated June 14, 2018, is affirmed insofar as appealed from, and the order dated January 16, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff/counterclaim defendant.
In March 2005, the defendant/counterclaim plaintiff, David Salko (hereinafter the defendant), and the additional counterclaim plaintiff, Nilsa Salko (hereinafter together with the defendant, the Salkos), executed a note in the principal amount of $937,500 in favor of ABN AMRO Mortgage Group, Inc. (hereinafter ABN AMRO). The note was secured by a mortgage on residential property in Huntington. On May 20, 2011, the plaintiff/counterclaim defendant, CitiMortgage, Inc. (hereinafter the plaintiff), as successor by merger to ABN AMRO, commenced an action (hereinafter the 2011 action) against the Salkos, among others, to foreclose the mortgage. The defendant served an answer and, thereafter, moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service. In an order dated April 18, 2012, the Supreme Court granted the defendant's motion, which was unopposed, and dismissed the complaint insofar as asserted against him.
In June 2014, the plaintiff commenced this action to foreclose the mortgage against the defendant only, with the intention of consolidating this action with the 2011 action against the remaining defendants. The Salkos interposed an answer with affirmative defenses and a counterclaim alleging, inter alia, violations of the Fair Debt Collection Practices Act (15 USC § 1692 et seq.). In March 2017, the plaintiff moved, inter alia, to discontinue this action without prejudice and to dismiss or sever the Salkos' counterclaim, asserting that it had determined that it could not prove its compliance with the notice requirements of RPAPL 1304. The defendant cross-moved, among other things, to condition the discontinuance of the action on the payment of counsel fees to him, the tolling of all mortgage interest, late fees, and expenses from the date of the alleged default on the mortgage loan, and the severance and continuation of the counterclaim.
In an order dated January 16, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to discontinue the action without prejudice and to dismiss the counterclaim, denied the defendant's cross motion, and, upon the discontinuance of the action, sua sponte, revoked the previous acceleration of the mortgage debt. In an order dated June 14, 2018, the court, among other things, granted and denied the same relief and, upon the discontinuance of the action, sua sponte, revoked the previous acceleration of the mortgage debt and directed that the mortgage remain an installment contract. The defendant appeals from both orders.
"In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915 [internal quotation marks omitted]; see CPLR 5001[a]; BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 934-935; US Bank N.A. v Williams, 121 AD3d 1098, 1102; Dayan v York, 51 AD3d 964, 965). Under the circumstances presented here, the Supreme Court did not improvidently exercise its discretion in denying those branches of the defendant's cross motion which were to condition the discontinuance of the action on the tolling of all mortgage interest, late fees, and expenses from the date of the alleged default on the mortgage loan, on the severance and continuation of the counterclaim, or on the payment of counsel fees to the defendant (see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776; cf. Brockman v Turin, 130 AD2d 616).
However, the Supreme Court should not have revoked the previous acceleration of the mortgage debt and directed that the mortgage remain an installment contract, inasmuch as the plaintiff did not seek such relief in its motion or cross-move for it in response to the defendant's cross motion (see CPLR 2215; 99 Cents Concepts, Inc. v Queens Broadway, LLC, 70 AD3d 656, 659; Lebovits v PSFB Assoc., 168 AD2d 785, 785; Nagle v New York Hotel Trades Council & Hotel Assn., 68 AD2d 905, 905; Lowenkron v Berkeley Co-op. Towers Sec. 11 Corp., 25 AD2d 656, 656).
Accordingly, we agree with the Supreme Court's determinations, upon granting that branch of the plaintiff's motion which was to discontinue the action without prejudice, to grant that branch of the plaintiff's motion which was to dismiss the counterclaim, and to deny those branches of the defendant's cross motion which were to condition the discontinuance of the action on the tolling of mortgage interest, late fees, and expenses, the payment of counsel fees, and the severance and continuation of the counterclaim. However, the court should not have, sua sponte, revoked the previous acceleration of the mortgage debt and directed that the mortgage remain an installment contract, and we modify the orders so as to delete those provisions.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court