■ Sidney W. Azriliant, Respondent, v Jerry Oppenheim et al., Appellants. — Order, Supreme Court, New York County (Grossman, J.), entered on May 5, 1982, unanimously reversed, on the law and the facts, without costs and without disbursements, for the reasons stated in *Azriliant v Oppenheim* (91 AD2d 586). Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Milonas, JJ.

■ Elene de Saint Phalle, Appellant, v Thibaut de Saint Phalle et al., Respondents. Elene de Saint Phalle et al., Appellants, v Thibaut de Saint Phalle et al., Respondents. Elene de Saint Phalle, Appellant, v Thibaut de Saint Phalle et al., Respondents. Elene de Saint Phalle et al., Appellants, v Thibaut de Saint Phalle et al., Respondents. — Order entered May 21, 1982 in Supreme Court, New York County (Greenfield, J.), denying plaintiff's motion for the Justice to recuse himself in two related actions, unanimously affirmed; order of said court entered May 21, 1982 denying plaintiff's motion to dismiss defendant's amended answer and counterclaims, or in the alternative, to consolidate the counterclaims with the matrimonial action, unanimously reversed, on the law and the facts, and the motion is granted to the extent of directing that the two actions be consolidated; and order of said court entered June 1, 1982 which deemed two letters from plaintiff's counsel (dated March 11 and 13, 1981) to be a motion for leave to amend the complaint, granted such motion and granted the defendant's motion for summary judgment dismissing the amended complaint, unanimously reversed, on the law, all without costs. This rather complicated matrimonial action has been in and out of court since 1972. Over these almost 11 years some procedural confusion has arisen as to which of the many actions was before the court on any one motion, or indeed, which actions remain viable. After not much less confusion in the presentation and consideration of these appeals, we conclude that the June 1, 1982 grant of summary judgment does not rest upon the required certainty that the parties were all given a full opportunity to address the merits. We note, in this respect, the earlier denial by Justice Rubin of defendant's motion for summary judgment, aimed at the first complaint. Our solution is not to untie this Gordian knot, but merely to slice through it by reversing the grant of summary judgment so that the parties are restored to their prior positions. Similarly, we are persuaded that the interplay between the matrimonial action and the one against the child's trust makes consolidation the better procedural course. And while we are of the opinion that the denial of the recusal motion was proper, we believe that the consolidated trial of the actions should be conducted before another Justice. Concur — Kupferman, J. P., Sandler, Ross and Carro, JJ. [116 Misc 2d 276.]