■ JAY A. JACKSON et al., Appellants-Respondents, v BURT J. VALVO, Individually and as Executor of KATHERINE HELMS, Deceased, Respondent-Appellant, and EUGENE HUGHEY et al.,

Respondents.

A portion of the subject property (the parcel) was transferred from Helms to Valvo by a deed recorded February 22, 1982. Valvo has alleged that Helms gave the parcel, reserving the oil and gas rights, to him as a gift, in recognition of long service as her attorney. On June 17, 1983, Helms died, and Valvo was named the executor of her estate. In 1987, the parcel's oil and gas rights were transferred from the estate by Valvo, executor, to Valvo, individually. In August 1989, Valvo sold the parcel, retaining the oil and gas rights, to defendants Hughey. The Hugheys began to develop the property, and plaintiffs, for the first time, learned of the transactions involving the parcels. Plaintiffs thereafter began this lawsuit, seeking, among other things, specific performance of their 1978 right of first refusal.

After issue had been joined, plaintiffs moved for summary judgment. Supreme Court granted judgment for plaintiffs and voided the 1982, 1987 and 1989 transfers of the parcel, but it did not order specific performance of the right of first refusal. In the circumstances of this case, we find that Supreme Court erred in granting judgment and voiding the transfers. In our view, the unresolved factual issues raised by the record preclude summary disposition.

As an initial matter, Supreme Court's determination that the 1973 right of first refusal was enforceable was in error as plaintiffs did not rely on the 1973 right of first refusal; therefore, the court should not have based its judgment on that ground (see generally, CPLR 3212; de Saint Phalle v de Saint Phalle, 92 AD2d 792). Whether the 1973 right of first refusal was unenforceable pursuant to the rule against perpe-

tuities (see, EPTL 9-1.1 [b]), as now raised for the first time on appeal, need not be determined.

Supreme Court further erred in determining that the 1978 stipulation was unenforceable because no judgment was entered on it and because it was not recorded. As already noted, the 1978 stipulation created an enforceable agreement between the parties, and the absence of an entered judgment is immaterial to the enforceability of the stipulation (see, Manning v Manning, 97 AD2d 910, 911). The failure to record the right of first refusal, while relevant to a third-party purchaser of the parcel, did not affect the rights and obligations of the parties to the stipulation.

Although plaintiffs had a valid and enforceable right of first refusal arising out of the 1978 stipulation, there are factual issues surrounding the 1982, 1987 and 1989 transfers that preclude summary disposition. The 1978 stipulation gave plaintiffs a right of first refusal with respect to offers to purchase the subject property. Plaintiffs contend that Valvo purchased the parcel in 1982 for $2,500, but Valvo maintains that Helms gave him the parcel. Whether the transaction was a sale that triggered the right of first refusal, or a gift that did not, is a question of fact that must be resolved upon a trial (see, Rowlee v Dietrich, 88 AD2d 751, 752). The resolution of this issue is central to this case because, if it was a transaction that breached the right of first refusal, plaintiffs' cause of action would be barred by the Statute of Limitations, which, in this case, was seven years, six months (see, CPLR 210, 213). If there was no breach of the right of first refusal by that transaction, however, Valvo took subject to the right of first refusal, of which he was aware, and plaintiffs' cause of action would not be barred by the Statute of Limitations.

In addition to the factual issues raised by the 1982 transaction, there are unresolved questions concerning the 1987 transfer of oil and gas rights and concerning whether the Hugheys were bona fide purchasers in 1989. In light of all the unresolved factual issues, the judgment of Supreme Court is reversed, and the motion for summary judgment is denied. (Appeal from Judgment of Supreme Court, Cattaraugus County, Sprague, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.