■ SUELLEN AMSLER et al., Appellants, v GEORGE VERRILLI, Respondent, et al., Defendants. [610 NYS2d 851] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated March 20, 1992, which denied their motion which was denominated as one to vacate the automatic dis-

missal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar, but which in actuality was one to reargue a motion to vacate their default in moving to restore the action to the trial calendar, which was denied by an order of the same court, dated June 13, 1990.

Orderded that the appeal is dismissed, with costs.

The plaintiffs' counsel requested that the action be stricken from the trial calendar and then neglected to move to restore the case to the calendar within one year. Consequently, the action was automatically dismissed pursuant to CPLR 3404, and judgment was entered thereon. The plaintiffs' counsel subsequently moved for leave to file a late note of issue, and the defendants opposed the motion on the ground, *inter alia*, that the appropriate remedy was to seek to vacate the plaintiffs' default. In response, the plaintiffs' counsel submitted an affidavit of merit by a physician and asked the court to treat the motion as one to vacate the default. In an order dated June 13, 1990, the court denied the motion to vacate on the merits. The plaintiffs did not appeal from that order. Approximately 17 months later, by notice of motion dated November 6, 1991, the plaintiffs' counsel again moved to vacate the CPLR 3404 default, raising essentially the same arguments and submitting a similar affidavit of merit which had been prepared by another physician. In an order appealed from, the court denied the motion, observing that "the plaintiffs are seeking to raise an issue which has been previously ruled upon".

The motion made in November 1991 was clearly an untimely motion for reargument, the denial of which is not appealable *(see, Matter of James v Rodriguez,* 193 AD2d 990; *Morgan v Morgan Manhattan Stor. Co.,* 184 AD2d 366; *Northern Assur. Co. v Holden,* 179 AD2d 569; *Chiarella v Quitoni,* 178 AD2d 502). Accordingly, the appeal is dismissed. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.