STEPHANIE GALLAGHER et al., Respondents, v RAFAEL V. ROMAN, Appellant, et al., Defendant. [828 NYS2d 474]—

In an action, inter alia, to compel specific performance of a right of first refusal to purchase real property and to recover damages for breach of a lease, the defendant Rafael V. Roman appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Westchester County (LaCava, J.), dated August 4, 2004, as granted the plaintiffs' motion to vacate that portion of a prior order of the same court dated February 18,

2004 which directed the plaintiffs to post a bond and denied that branch of his motion which was to permit him access to the subject premises, and (2) from so much of an order of the same court dated November 16, 2004 as denied those branches of his motion which were for summary judgment dismissing the cause of action for specific performance and for leave to serve and file a second amended answer to the complaint, and denied that branch of his motion which was, in effect, for leave to reargue so much of the order dated August 4, 2004 as vacated that portion of the prior order dated February 18, 2004 which directed the plaintiffs to post a bond.

Ordered that the appeal from so much of the order dated November 16, 2004 as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order dated August 4, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 16, 2004 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Contrary to the appellant's contention, the Supreme Court did not err in granting the plaintiffs' motion to vacate that portion of its prior order which directed the plaintiffs to post a bond in this matter. Since the plaintiffs neither moved for, nor were granted, a preliminary injunction, the requirement of an undertaking was a matter of discretion (see CPLR 6312 [b]). As the appellant's subsequent motion to compel the plaintiffs to post a bond was, in effect, one for leave to reargue, the appeal from so much of the order dated November 16, 2004, as denied that motion must be dismissed, as no appeal lies from an order denying leave to reargue (see Rosenfeld v Community School Dist. #28, 25 AD3d 596 [2006]; Pacella v Whiteman Osterman & Hanna, 14 AD3d 545 [2005]; Amsler v Verrilli, 203 AD2d 403 [1994]).

The Supreme Court also properly denied the appellant's motion for summary judgment on the cause of action for specific performance. The appellant's submissions failed to eliminate triable issues of fact as to whether the transfer of the subject premises was a sale that triggered the right of first refusal, or a gift that did not (see Jackson v Valvo, 179 AD2d 1038 [1992]; Rowlee v Dietrich, 88 AD2d 751 [1982]). Moreover, triable issues of fact exist as to whether the appellant acted in bad faith to prevent the plaintiffs from exercising their right of first refusal (see Quigley v Capolongo, 53 AD2d 714 [1976]). Accordingly, the

appellant's motion for summary judgment was properly denied, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The appellant's remaining contentions regarding access to the subject premises and leave to serve a second amended answer are without merit. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.